Daniel Michael Morrissey, MBA

10/17/2022

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

I am writing to follow up on my previous request to grant the motion for me to proceed to appeal in forma pauperis. I have contacted the United States Court of Appeals, and have provided you the information, the court shared with me, as the status is currently, in abeyance.

I understand there might be some confusion as to my current financial status, as there's a significant disparity between my present financial situation, and my reported assets on my PSR in March, 2022. Allow me to explain.

All of my "assets" reported on my PSR were tied up in Bitcoin, at the time the total valued amount was $214,000 for 5.36 BTC, roughly $40,000 per BTC. On May 12th, and June 13th, 2022, I had to sell my assets to a vendor, Unchained Capital to cover a collateralized loan I took out against my balance.

The Bitcoin that was once valued at $214,000 (per the PSR), had fallen to less than $25,000 per coin, and is currently trading at $19,000 per coin. All of the principal, and any equity I had, evaporated. In short, I lost my life-savings in a matter of minutes.

This unexpected financial disaster is the reason for my motion to proceed in forma pauperis. In addition to this catastrophe, my father passed away on July 7th, 2022, and I had to pay for his funeral expenses. My parents are not wealthy, which is one of the reasons I moved my parents from Aurora, Colorado to Georgetown, Texas to live with me.

I do not have the means to afford an attorney for my appeals case. This is why I am asking for you to appoint a public defender. I have included the loan liquidation receipts from Unchained Capital, each loan liquidation receipt has the unique loan ID, highlighted for ease, along with the date of each transaction.

danmorrissey@proton.me

Your Honor, as you know, I am appealing my case due to ineffective assistance of counsel, on behalf of Mr. Anthony Solis.

Mr. Solis, absolutely refused to ask the prosecution for the exculpatory video evidence I sought from day one – October 22nd, 2021.

I repeatedly asked Mr. Solis to ascertain the video evidence from the prosecution which includes, but is not limited to, conversations, emails and text messages with the following dates:

- 10/22/21
- 1/26/22 (twice)
- 1/29/22
- 2/13/22 (via text message, in which I specifically provided Mr. Solis with the exculpatory video evidence I found in the public domain.)

I have many more instances in which I asked Mr. Solis to secure the video evidence, pre and post sentencing, 8/16/22, in which, again, **Mr. Solis failed to act.**

That said, tired of Mr. Solis' antics, on Wednesday, October 12th, 2022, I contacted Mr. Tortorice, the D.A. directly for the video evidence, **which was never provided.** An email in which I cc'd Mr. Solis on. Mr. Tortorice professionally replied to my request, I have included the email thread for your review. **Mr. Solis failed to act.**

Your Honor, it was not until I sent a "final email" to Mr. Solis on Saturday, October 15th, 2022 at 6:13am CT, did Mr. Solis FINALLY ask the prosecution for the video evidence.

Keep in mind Mr. Solis asked for the video evidence after:

- 60-days post sentencing (8/16/22)
- 244-days since Mr. Solis was provided with the video evidence per me (2/13/22)
- 358-days since I first asked Mr. Solis to obtain the video evidence (10/22/21)

Your Honor, this is unacceptable! **My Constitutional rights have been violated** throughout the aforementioned proceeding, the prosecution **NEVER PROVIDED** the exculpatory evidence to the defense. The **prosecution withheld this evidence from me**, and violated my Forth Amendment Right to due process, along with the Due Process Protection Act. There is, and always has been a Brady violation in my case.

Your Honor, as you know, this all came to a head, when I discovered Brady v. Maryland on April 14th, 2022, and its implications on my case, that is when I confronted Mr. Solis about his dubious and outright, unethical "representation" of me. I believe have provided your chamber with those emails in my previous submissions.

You Honor, I have faced copious amounts of prejudice during the above-mentioned proceeding, adversity in which I had to personally overcome by my own due diligence.

The prosecution never provided the most crucial video evidence, my entry into the Capitol. Mr. Solis knew this all along, refused to act, and it wasn't until I called Mr. Solis on the carpet, did

danmorrissey@proton.me

Mr. Solis act. Never in my life, I have I heard of a "defense" attorney not request video evidence on behalf of their client, especially, when that video evidence is both material and favorable.

In Mr. Solis' email to Mr. Tortorice, dated October 15th, 2022, Mr. Solis alludes to a conversation he had with Mr. Tortorice about the video evidence prior to the status hearing on July 14th, 2022.

This is also confirmed in an email Mr. Solis sent me on Tuesday, September 27th, 2022. Per the email, Mr. Solis "sent" Mr. Tortorice the video from my entry into the Capitol, video in which I was able to find in the public domain.

During the status hearing, on July 14th, 2022, Mr. Tortorice stated the State handed over all of the video evidence. **This is not true**. Mr. Tortorice knew about the video, failed to produce the video in discovery (and thereafter), Mr. Tortorice stated this on the conference call. I would like a copy of the transcript to submit to the court as evidence.

Your Honor, the prosecution withheld exculpatory evidence from me, lied about it, and refuses to hand over the video.

Your Honor, I did not receive a fair legal proceeding, which is why I petitioned your chamber directly, after April 14th, 2022 (after I caught Mr. Solis). I had to overcome the State withholding video evidence (which they still have not produced), and to my amazement, my "defense" attorney's unwillingness to act on my behalf and actively working against me throughout his "representation" of me.

Your Honor, this is why I am petitioning your chamber again for vacatur relief, as Judge Sullivan did in 2009, in the case of "The United States v. Ted Stevens". There is a legal precedent set in this case, that is applicable to my case, the prosecution failed to disclose exculpatory evidence.

Your Honor, I appreciate your consideration for my request for vacatur relief.

Sincerely,

Daniel Michael Morrissey, MBA

danmorrissey@proton.me