Daniel Michael Morrissey, MBA

▮▮▮▮▮▮

3/14/23

<span style="float:right">*Leave to file is granted.*
*Judge Walton*
*7/6/23*</span>

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

As I have stated before, and provided evidence to your chamber, with regard to the clear Brady violation in my case, the prosecution **refuses** to provide the defense with the video of my entry into the Capitol.

That said Your Honor, I have provided the link below to the video depicting my entry into the Capitol, from the Capitol camera's point of view:

https://www.thegatewaypundit.com/2022/02/now-video-opened-magnetic-doors-east-side-capitol-jan-6-opened-someone-inside/

I apologize that you can't merely copy and paste the link, but I would be happy to provide the link electronically, if given your chamber's email address.

The video depicting my entry into the Capitol can be seen in the last video on the page entitled "How the Magnetic Doors Opened Remains a Mystery". My entry can be seen at 2:06 in the video, tall figure in the middle of the screen wearing a grey North Face jacket. I'm only on camera for a second, 2:06-2:07.

Your Honor, my defense has been, and remains entrapment. My entry into the Capitol was induced by "whomever" allowed for the magnetic locks to be disengaged. Had those locks not been disengaged, by a member of the Capitol Police, I would have never entered the building.

As you can see from the video, once the doors were opened to the public, I had no choice but to move forward, or be trampled. My personal safety was at risk.

The prosecution provided substantial video evidence of my presence in the Capitol, but not my entry… Why is that?

Because, the video depicting my entry into the Capitol was induced, the prosecution knew this, that's why the prosecution did not provide that exculpatory video evidence. I am thankful I was able to find the video of my entry into the Capitol in the public domain.

danmorrissey@proton.me
▮▮▮▮▮▮

Your Honor, I think you would agree my entry into the Capitol is both material and favorable. I was not some violent anarchist storming the Capitol. I was on the steps on the Eastside of the Capitol, when the doors opened, I had no choice, but to move forward.

Had those doors never been opened from the inside, by disengaging the magnetic locks, I would have never entered the Capitol, thus not be in my current position as a defendant. The induction by "whomever" authorized or disengaged the magnetic doors was an agent of the Government, as those doors cannot be opened from the outside.

With regard to the Brady violation, the prosecution withheld this evidence from me, but Brady and its progeny are very clear, it does not matter if the prosecution acted in good faith, bad faith or was unaware of the exculpatory evidence, the burden lands squarely on the prosecution to provide all Brady material to the defense, especially when the evidence is both material and favorable to the accused.

From my previous submissions, I believe I have established that I asked Mr. Solis to ascertain a copy of the video from prosecution from day one, as I knew, based on witnessing the events first-hand, the doors were opened by the Capitol Police. Once Mr. Solis was relieved as my counsel, I asked Mr. Tortorice for the video evidence myself. I was stonewalled.

The prosecution knew my point of entry, knew my time of entry, and could identify me easily as they had in previous video evidence. However, the prosecution did not provide the video evidence, because the video evidence of my entry into the Capitol was more damming than I thought.

To prove the alleged entrapment, I am espousing, I must prove my lack of proclivity to commit the crime, and the Government's inducement of the crime.

The genesis of the charges filed against me were due to the fact I entered the Capitol. Nowhere in the statement of offense, nor in the prosecution's sentencing memorandum does it state, wild or unruly behavior, just my mere presence inside the Capitol. I believe this speaks to the fact, had the Columbus Doors not been opened by an agent of the Capitol Police, my demeanor was such, that I would have not entered the building.

The Government has the burden of proof, beyond a reasonable doubt that I was not entrapped. An easy way for the Government to prove this, is to disclose who in the Capitol Police authorized, then disengaged the magnetic locks on the Columbus Doors. The Government can't, that's why the Government won't. Thus, affirming my thesis of entrapment, which is clearly depicted in the video.

There is nothing in my background which states criminality, as I am a lawful, law-abiding, proud American, whom would not do anything to hurt my country. I am not a domestic terrorist, I am someone with, perhaps an "unpopular" political view, however, my political speech is protected by the Constitution and cannot beheld against me.

Also, the letter submitted on my behalf by Dr. Chistopher Gayer, PhD, MD, speaks to my character. I am a good man, I am not a hooligan. There is nothing in my background, nor my

danmorrissey@proton.me

behavior that day, other than the fact I entered the Capitol, which makes me more inclined to commit such a crime.

The video, withheld by the prosecution, clearly depicts an agent of the Capitol Police disengaging the magnetic locks, and thus allowing the person(s) present to open the doors. The Capitol Police induced my entry. Once the Columbus Doors were opened, as you can see from the video, I had no choice, but to move forward as the crowd surged through the opening.

Had the doors been opened for minutes and I meandered into the Capitol of my own accord, then yes, I would agree with the Government's findings. However, as you can see from the video, I was one of the first people inside the Capitol through the Columbus Doors. Once the doors were opened, I had no choice, but to move forward or be trampled -- inducement.

The Government, an agent of the Capitol Police, decided to disengage the magnetic locks on the Columbus Doors, thus inducing my entry. The video clearly reveals this, this is why the prosecution would not provide this video in discovery, and thereafter, once the prosecution was specifically aware of the video (before the July 14th, 2022 status hearing), see the email from Mr. Solis to Mr. Tortorice dated October, 15th, 2022 at 8:25 AM.

Your Honor, as you know, The Due Process Protection Act (2020) notice was issued during my first appearance, which confirmed the Government's obligation, under Brady, to disclose all relevant Brady material, which the Government did not, and is a flagrant violation of my Constitutional right to Due Process.

The Government purposely withheld the video I presented to you. Why? Because the video presented, illustrates the induction of my entry into the Capitol.

My Constitutional right to Due Process was violated during my legal proceeding, and I have petitioned your chamber directly to make you aware of the violations since April 15th, 2022, when I became aware of them.

Your Honor, in closing, I am again, petitioning your chamber to dismiss my case due to the Government's gross misconduct (clear Brady violation), also the fact the Government induced my entry into the Capitol, the video I provided clearly illustrates this. As you can see from the video, once the Columbus Doors were opened from the inside, I had no choice, but to move forward, or be trampled, and had the magnetic locks on the Columbus Doors not been disengaged, then my entry into the Capitol would have never taken place, thus, I would have never been charged.

Your Honor, I appreciate your consideration for my request for vacatur relief.

Sincerely,

Daniel Michael Morrissey, MBA

danmorrissey@proton.me

## Daniel Morrissey; 21-cr-660-RBW

From    Anthony Solis <anthonysolislaw@gmail.com>

To      Tortorice, Christopher (USADC)<christopher.tortorice@usdoj.gov>

Date    Saturday, October 15th, 2022 at 8:25 AM

Chris:

You'll recall that prior to the July 14, 2022 status conference in Mr. Morrissey's case, we discussed that Mr. Morrissey found in the public domain additional videos depicting him entering the Capitol. These images were not provided to the defense in the production of discovery in this case. I'm requesting that the government provide any and all videos in the government's possession depicting Mr. Morrissey's entry into the Capitol.

--

Anthony M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302-1502
213-489-5880 – Phone
213-489-5923 – Fax
213-220-5274 - Mobile
anthonysolislaw@gmail.com
www.anthonysolis.com

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.