

# OFFICE OF DISCIPLINARY COUNSEL

December 21, 2023

Hamilton P. Fox, III
*Disciplinary Counsel*

Julia L. Porter
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Jack Metzler
Becky Neal

*Assistant Disciplinary Counsel*
Caroll G. Donayre
Jerri U. Dunston
Lisa M. Fishelman
Dru M. Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Melissa J. Rolffot
William R. Ross
Traci M. Tait
Cynthia G. Wright

*Investigative Attorney*
Azadeh Matinpour

*Senior Staff Attorney*
awrence K. Bloom

*Staff Attorney*
Arquimides R. Leon
Angela M. Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Forensic Investigator*
Charles Miller

***CONFIDENTIAL***

Dan Morrissey
**Sent *via* email only: [redacted]**

**Re: Tortorice/Morrissey**
**CJA Number: 2023-C062**

Dear Mr. Morrissey:

We reviewed the disciplinary complaint that you filed against Christopher T. Tortorice, Esquire. Mr. Tortorice represented the government in the criminal case filed against you, *USA v. Morrissey*, case no. 21-00660, filed in U.S. District Court (DC). On August 23, 2022, you filed a notice of appeal. You claim that Mr. Tortorice withheld exculpatory evidence - specifically a video of you entering the capitol. It appears that you have also filed a complaint with the Department of Justice.

We decline to investigate further. We do not have sufficient evidence that Mr. Tortorice knowingly withheld exculpatory evidence. It appears that you located a copy of the video in "the public domain," which shows that you entered the Capitol through an unlocked door and supports your defense that you did so out of necessity. Both you and your attorney at the time notified Mr. Tortorice about the video you located. You provided an email from Mr. Tortorice dated November 1, 2022, in which he denies "intentionally withholding any videos." We appreciate that you believe he is being dishonest, but we do not have sufficient information that knowingly withheld video evidence.

Further, court records show that you have filed an appeal in U.S. Court of Appeals for D.C., in the matter of *USA v. Morrissey*, case number 22-3059. On December 11, 2023, your appellate attorney filed a motion asking the court to set a briefing schedule. The prosecutor also filed a motion that day but asked that your matter be remanded. The court has not entered an order. You may raise your concerns with your attorneys and the court. If a court, or the Department of Justice, finds that Mr. Tortorice acted improperly, you may send us the written decision for our consideration. We will not interfere in ongoing court proceedings.

We docket cases for further investigation when the complaint: (1) is not unfounded on its face; (2) contains allegations which, if true, would constitute a violation of the Attorney's Oath of Office or the Rules of Professional Conduct that would merit discipline; and (3) concerns an attorney admitted to practice law in the District of Columbia. The information you provided does not satisfy at least one of these three criteria.

Accordingly, we decline to open a full investigation of this matter and have closed this file. Thank you for bringing your concerns to our attention.

Sincerely,

1704

Becky Neal
Senior Assistant Disciplinary Counsel

BN:lnm

Daniel Michael Morrissey, MBA
3206 Lonesome Trail
Georgetown, TX 78628
4/15/23

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

First and foremost, I would like to **emphasize** my respect for the rule of law, your courtroom, and your rulings, and in no way, shape, or form, am I attempting to be a nuisance to you, or the court. I am merely attempting to, perhaps, with crude legal etiquette, stand up for myself, as I had less than adequate legal counsel, counsel that withheld key legal premises that, in their totality, articulate my defense to a t, to the charges filed against me.

Also, I would like to apologize for not thinking of this previously, however, as I'm sure you can appreciate, as a writer, I am used to being able to articulate my argument with words, rather than relying on pictures to illustrate my point. That said, I have included four screenshots from the Brady Video I am espousing the prosecution withheld from the defense during my legal proceeding. Video I found in the public domain.

You can find all four screenshots in the accompanying document. I have highlighted the depiction of me with a red circle and also highlighted the time on the video, so, if you see fit, review the Brady Video (the video I submitted as evidence via the link in my previous letter, dated March 14th, 2023) and the video the prosecution withheld, are in sync.

I am sure, when you review the Brady Video, withheld by the prosecution, there will be no difference in the video (minus the text on screen) of my entry into the Capitol, from the video I provided, and the video withheld by the prosecution. The main camera is located above the Rotunda Doors, which was my point of entry at 2:27pm, as per the Statement of Offense.

Here is the timestamp from the Statement of Offense:

*"10. Morrissey entered the Capitol building through the Rotunda door at 2:27 pm..."*

Your Honor, as I stated in my last letter to your chamber, dated March 14, 2023, "As you can see from the video, once the doors were opened to the public, I had no choice but to move forward, or be trampled. My personal safety was at risk." My defense has never changed from my initial

danmorrissey@proton.me
213-309-1350

conversations with Mr. Solis. The Rotunda Doors were opened by the Capitol Police, and, had I not moved forward at the time, I would have sustained, potentially life-threatening injury.

Your Honor, as you know from my previous submissions to the court, Mr. Solis withheld, the knowledge of (including name of), key principles of my defense, which at this time include the following:

1. Brady Violation
2. Inducement
3. Private necessity

Your Honor, in my last submission I cited my personal safety, as I did not know the legal term of Private Necessity, and its implications on my case, much like Brady and Inducement. However, I knew there had to be a legal standard which illustrated my quandary, as I am sure this is not the first time an emergency situation like this has arisen in the court.

Your Honor, as you know, private necessity is a defense against charges of trespass where a defendant interferes with a plaintiff's property **in an emergency** to protect an interest of his own. Furthermore, as long as the emergency continues, which caused the defendant to trespass on the plaintiff's property, the defendant is entitled to remain on the plaintiff's property and cannot be ejected as long as the emergency continues.

Your Honor, I acted the only way I could at the time to preserve my person, the video of my entry **undoubtedly reveals this fact,** and is why the prosecution would not provide the video of my entry in discovery, and thereafter.

Your Honor, as you can see from the video I provided, inducement, and private necessity perfectly describe the predicament I found myself in, a situation in which, Mr. Solis knew from day one, and had it not been for the lackluster representation of Mr. Solis, I would have had the Brady Video in question when the defense received discovery. Therefore, been able to make an informed decision before my plea agreement.

Your Honor, as I have stated in my previous submissions to you and your chamber, there is, and always has been, a Brady Violation, "Brady v. Maryland, 1963" in my case, and I was not aware of what a Brady Violation was until April 14th, 2022, six weeks, or so, from my guilty plea, entered in your courtroom. Your Honor, as you know, a Brady Violation deprives me of my Constitutional right to Due Process, which is protected by the 5th and 14th Amendments, not to mention a violation of the Due Process Protection Act, 2020, the prosecution had no excuse.

Your Honor, I know this may sound irreverent (I don't mean to be), however, it is naïve to believe the prosecution was able to provide ample video evidence of my presence inside the Capitol, including body cam video from three different Capitol Police Officers, but not able to provide the defense with the video of my entry, when the time and place, of my entry is so clearly marked in the Statement of Offense. That's absurd.

The video of my entry is damming to the prosecution's case, while being material and favorable to my defense, which is why the prosecution withheld the video in discovery, and thereafter.

danmorrissey@proton.me
213-309-1350

Your Honor, I don't know if you, or one of your clerks will read my latest submission, however, in the event you do, I believe I have established a form of "probable cause" to further review the prosecution's conduct during my proceeding. I have provided the link to the Brady Video below.

Here's the link:

https://www.thegatewaypundit.com/2022/02/now-video-opened-magnetic-doors-east-side-capitol-jan-6-opened-someone-inside/

As I previously stated, "I apologize that you can't merely copy and paste the link, but I would be happy to provide the link electronically, if given your chamber's email address.

The video depicting my entry into the Capitol can be seen in the last video on the page entitled "How the Magnetic Doors Opened Remains a Mystery". My entry can be seen at 2:06 in the video, tall figure in the middle of the screen wearing a grey North Face jacket. I'm only on camera for a second, 2:06-2:07."

Your Honor, I would not be this **bold**, nor would I be this persistent, if I did not have the evidence I am espousing, can prove the evidence in the public domain, matches that of the Capitol CCTV (at the time and point of my entry, Rotunda Doors, 2:27pm), and that the prosecution withheld (intentionally or not), the Brady Video because, the video (if used effectively) might affect the outcome, or undermine confidence in the verdict.

Your Honor, as I previously stated, I would like to **emphasize** my respect for the rule of law (as you can probably tell, I have a natural affinity for), your courtroom, and your judgements, and in no way, shape, or form, am I attempting to be a nuisance to you, or the court, I just, if for nothing else, would like to clear my name (for my own conscience's sake), and tell the truth, which I have done since the onset of my legal proceeding and has been withheld from the court.

Your Honor, in closing, unlike my previous submissions, I'm not asking for vacatur relief, all I'm asking is to ascertain the Brady Video of my entry from the prosecution, and compare the video to the video I found in the public domain (which I provided), and see that I'm telling the truth.

I appreciate your time and consideration.

Sincerely,

Daniel Michael Morrissey, MBA

danmorrissey@proton.me
213-309-1350




**DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

February 8, 2024

Daniel Michael Morrissey
danmorrissey@proton.me

Dear Mr. Morrissey:

Thank you for your recent correspondence received on February 4, 2024. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations. After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices both within and outside the DOJ. Therefore, we have forwarded your correspondence to:

U. S. Department of Justice
Executive Office for U.S. Attorneys
General Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

U.S. Department of Justice
Office of Professional Responsibility
Director
950 Pennsylvania, NW
Washington, DC 20530

The OIG considers the matters raised in your most recent letter and in previous correspondence to be closed, and we do not intend to exchange further correspondence with you regarding this matter. Any further correspondence regarding this matter should be directed to the offices identified above.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division



DEPARTMENT OF JUSTICE | OFFICE OF THE INSPECTOR GENERAL

December 4, 2023

Dan Morrissey
danmorrissey@proton.me

Dear Mr. Morrissey:

Thank you for your recent correspondence received on November 28, 2023. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations. After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices within the DOJ. Therefore, we have forwarded your correspondence to:

U.S. Department of Justice
Office of Professional Responsibility
Director
950 Pennsylvania Avenue, NW
Washington, DC 20530

U. S. Department of Justice
Executive Office for U.S. Attorneys
General Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

Please direct any further correspondence regarding this matter to these offices.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division




DEPARTMENT OF JUSTICE | OFFICE OF THE INSPECTOR GENERAL

October 25, 2023

Daniel Morrissey
danmorrissey@proton.me

Dear Mr. Morrissey:

Thank you for your recent correspondence received on October 19, 2023. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations. After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices within the DOJ. Therefore, we have forwarded your correspondence to:

U.S. Department of Justice
Office of Professional Responsibility
Director
950 Pennsylvania Avenue, NW
Washington, DC 20530

U. S. Department of Justice
Executive Office for U.S. Attorneys
General Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

Please direct any further correspondence regarding this matter to these offices.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division

Daniel Michael Morrissey, MBA
3206 Lonesome Trail
Georgetown, TX 78628
4/27/23

Mr. Antohny M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302

Reference: Case No.: 1:21-cr-00660-RBW

Mr. Solis:

As required by the Attorney-Client Fee Agreement, dated October 25th, 2021, between Anthony M. Solis, A Professional Law Corporation (attorney), and Daniel Morrissey (client), this letter serves as written confirmation of notification that Anthony M. Solis, A Professional Law Corporation has breached the Attorney-Client Fee Agreement by failing to function as a fiduciary on behalf of Mr. Morrissey in numerous ways, which includes, but is not limited to: a. failing to secure exculpatory evidence that could exonerate Mr. Morrissey, b. failing to inform Mr. Morrissey of relevant, pertinent, laws, Supreme Court Rulings' which could have a direct impact on Mr. Morrissey's case, c. **refusal to cooperate** with Mr. Morrissey's repeated requests to obtain the "Brady Video" before, or after Mr. Morrissey became aware of Brady v. Maryland, on April 14th, 2022, d. attempting to confuse, and or mislead, or deceive Mr. Morrissey with the court's obligation to provide the defense with the "Brady Video" e. allowing Mr. Morrissey to plead guilty not once, but twice, without ever securing the "Brady Video", or mentioning to the court there is Brady Material the DOJ is withholding from the defense.

Please let me know as soon as possible the steps Anthony M. Solis, A Professional Law Corporation will take to address this situation.

Sincerely,

Daniel Michael Morrissey, MBA

danmorrissey@proton.me
213-309-1350

Daniel Michael Morrissey, MBA
3206 Lonesome Trail
Georgetown, TX 78628
2/10/2024

Mr. Antohny M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302

Reference: Case No.: 1:21-cr-00660-RBW

Mr. Solis:

As stated in my previous "Breach of Contract Notification" letter, Anthony M. Solis, A Professional Law Corporation (attorney) breached their fiduciary duty to Daniel Morrissey (client), in the case of "United States v. Daniel Michael Morrissey", and this letter serves as an official demand for repayment of all **ill-gotten profits** from (attorney) to (client), which includes all costs, fees, expenses incurred by (client) due to the representation of (attorney).

As Anthony M. Solis is aware, Daniel Morrissey had to make **extensive preparations** in order to serve the sentence imposed by Judge Reggie B. Walton, on August 16th, 2022 in Washington, D.C., which includes driving from Georgetown, Texas to Hopewell Junction, New York (1,772 miles) to drop off his 15-year-old Labrador Retriever, drive from Hopewell Junction, New York to Georgetown, Texas, hail a Lyft, then fly from Austin, Texas to New York City, New York, take an hour-long train ride, hail a Lyft, rent a car, then drive from Hopewell Junction, New York, to Georgetown, Texas, as there were no other option to "kennel" Mr. Morrissey's dog.

As per the Attorney-Client Fee Agreement, dated October 25th, 2021, between Anthony M. Solis, A Professional Law Corporation (attorney), and Daniel Morrissey (client), under section five "Costs and Other Charges" Mr. Morrissey has applied the stated rate of $0.57 per mile, for a total of $5,051.34

Other costs, and charges detailed below:

danmorrissey@proton.me
213-309-1350

Costs and Other Charges Incurred By Client:

- Mileage $3,031.26
- Lodging $1,413 (nine days)
- Hertz Rental Car $586.19
- Shipping $412.71
- Miscellaneous $250
- Flight to LGA $150
- Lyft to ATX $145.99
- Lyft from LGA $47.99
- Expedia fee $40

Additional costs incurred as of 2/10/24

- Mileage $2,020.08
- Lodging $1,413 (six days, two people)
- Flight to LGA $150
- Flight to ATX $150
- Parking at ATX $125
- Past due utilities $2,500

As per the Attorney-Client Fee Agreement, dated October 25th, 2021, between Anthony M. Solis, A Professional Law Corporation (attorney), and Daniel Morrissey (client), under section seven "Discharge and Withdrawal" since (attorney) is no longer representing (client), **"all unpaid charges will immediately become due and payable"** for a total of $22,713.02, with the 10% per annum "Legal Fees and Billing Practices" $28,950.31, and $2,500 in past due utilities for a total of $31,450.31 paid via wire transfer **IMMEDIATELY** 2/10/24.

I am not waiting any longer for Anthony M. Solis to take action, if I do not receive the funds **immediately** via wire transfer, I will pursue further legal action, in addition to pursuits currently underway.

Sincerely,

Daniel Michael Morrissey, MBA

danmorrissey@proton.me
213-309-1350

Anthony,

In honor of our second anniversary (2/13/22) of me catching you, intentionally not catching, your little buddy, Christopher Tortorice, and the DOJ denying me, my Constitutional (fundamental) right to Due Process, as codified in the 5th and 14th amendments, not to mention ruled on in Brady v. Maryland (which you never told me about), in addition to the Due Process Protection Act (notice given at first court appearance), I got you a 'lil something… I've attached an updated demand letter specifying costs I've incurred due to your malfeasance – a higher level of wrongdoing, a FAILURE to ACT where there was a DUTY to ACT, you know, like the **fiduciary relationship** we had, when we signed our agreement in October of 2021. It's a good thing I went to business school and learned about fiduciary relationships, good 'ole principle-agency law, or else I may have never known.

Anthony, there is NO DOUBT as to what you did, what Christopher Tortorice did, the DOJ, and the FBI, you all conspired to obstruct justice. Because of your hatred for one man, President Trump, you railroaded me and gave me a "Soviet Show Trial", which is what I explicitly told you I would not tolerate when I hired you. I'm not bending the knee. Never have, never will.

## Obstruction of Justice

Obstruction of justice broadly refers to actions by individuals that illegally prevent or influence the outcome of a government proceeding. While the quintessential example of obstruction of justice involves tampering in a judicial proceeding, there are numerous laws on obstruction of justice, covering all branches of government and targeting different kinds of obstruction. Instead of one law, law on obstruction of justice is located in multiple federal and state statutes, given the numerous methods in which obstruction can be carried out.

While varying greatly, each obstruction of justice statute typically requires proof that the defendant 1) knew of a government proceeding and 2) acted with the intent to interfere with the proceeding. Here are a few of the most important federal obstruction of justice statutes:

- Obstructing Witnesses and Evidence 18 U.S.C. § 1512: makes it illegal in any way to harm, threaten, delay, or otherwise influence a witness to an official proceeding, punishable by up to 30 years imprisonment. The law also makes it a crime to destroy, change, or hide evidence that could be used in an official proceeding.

I can prove this is exactly what you did, because once, I caught you, I gave you enough rope to hang yourself, and you were thoughtful enough to comply. You're such a sweetheart.

Remember when I told you I had the receipts, and when the truth comes out, you're going to look stupid (I should have said criminal, but I was being nice)? Welcome to that moment…

My life has been thrown into utter chaos to protect a lie, and you were a guardian of that propaganda. To your credit, you did a hell of a job until I caught you on April 14th, 2022, when I sent you the "Exculpatory Evidence" email. See Anthony, I'm your worst enemy, because I can read, write and reason, you know, the three Rs…

I've attached some evidence so you can stroll down memory lane with me… Ain't it sweet?

Anthony because of this bullshit prosecution of me, I cannot find work, I have been targeted for destruction by the DOJ, have been completely bankrupted, and even have had threats against my life. Anthony, my utilities got shut off on Tuesday, I had to send my mom to New York because I don't have any money right now I cannot take care of her. She's 76 years old. You know this. I am not playing games with you. I am giving you an opportunity to demonstrate your humanity.

I've attached an updated demand letter from my previous letter date May 14th, 2023.

I had to "get ready to go to prison" again in September of this year, per Tony Axam, and had to make the same trip from Austin to NYC to drop off my dog, and my mom. Fly back home, then fly back to NYC to only pick them up and drive back to Austin. I had to fly my mom to NYC in January, because as I stated, I cannot feed her. This is not funny anymore (and I've got a really great sense of humor).

I've added my past due utilities because had you merely done what you were **legally obligated** to do, get me the fucking video, I wouldn't be in this situation.

I'm giving you an opportunity to demonstrate your humanity, because when you get your subpoena and you're called to account for you role in my political prosecution, maybe I'll demonstrate mine. Because make no mistake, that subpoena is coming, sooner than you think.

Also, I need your carrier information for your professional liability insurance.

Anthony, do the right thing. I've given you so many opportunities to do the right thing during your "representation" of me. Now, I am not just asking you to do the right, moral, or legal thing, but to demonstrate your humanity.

Wire the money you owe me to my bank account **today**:

Bank of Montreal (formerly Bank of the West)

You have the account information from the wire instructions when sent you the money in October of 2021.

Account number: [redacted]

Routing number: [redacted]

Daniel M. Morrissey

I'm not worried about you stealing any money from me, because I'm -$530.

Do the right thing, do the humane thing, because as I said, when it comes time for me to demonstrate my humanity, maybe I'll consider it.

As per our agreement, I've added the 10% per annum from the beginning of your "representation" of me.

Here's the total: $22,713.02

With the 10% per annum calculation

The new total is: $28,950.31

With past due utilities $2,500

New total: $31,450.31

I WOULD ALSO ADD
$10,000 ROCKET LOAN
$6,000 LOAN TO AUNT BERNICE
I CAN'T PAY MY BILLS!

THEY BOTH LIED!
I'M GOING TO BE HOMELESS

**Daniel Morrissey; 21-cr-660-RBW**

From Anthony Solis <anthonysolislaw@gmail.com>

To Tortorice, Christopher (USADC)<christopher.tortorice@usdoj.gov>

Date Saturday, October 15th, 2022 at 8:25 AM

Chris:

You'll recall that prior to the July 14, 2022 status conference in Mr. Morrissey's case, we discussed that Mr. Morrissey found in the public domain additional videos depicting him entering the Capitol. These images were not provided to the defense in the production of discovery in this case. I'm requesting that the government provide any and all videos in the government's possession depicting Mr. Morrissey's entry into the Capitol.

Your Honor, Tortorice LIE! To You!

--

Anthony M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302-1502
213-489-5880 – Phone
213-489-5923 – Fax
213-220-5274 - Mobile
anthonysolislaw@gmail.com
www.anthonysolis.com

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.

proves my allegation.

THE COURT: Have you sought other counsel?

THE DEFENDANT: I have not at this time, no.

THE COURT: What is your intention in that regard?

THE DEFENDANT: I'm not sure yet. I'm trying to navigate this as best I can. I just lost my father last week, and I have a lot of personal things going on.

THE COURT: So are you saying you don't want your current lawyer to continue to present you?

THE DEFENDANT: I don't know what the options are, Your Honor. I'm sorry.

THE COURT: Let me just ask government counsel in reference to this videotape that he claims exist that shows that he was purportedly permitted to enter the Capitol by a police officer does the government know of any such tape recording?

MR. TORTORICE: No, Your Honor. The, all of the videos that I've seen of the defendant in the Capitol I didn't see anyone permitting him to enter or you know walk around. You know, I haven't seen -- I talked to Mr. Solis yesterday evening. This is the first that I heard of this complaint, so you know, I haven't really had time to investigate what the defendant is saying. I mean, if there's another video that I'm unaware of, you know, I would like to see it, you know. The defense we gave them a number

— TORTORICE LIED TO YOU, YOUR HONOR

GOES WITH STATUS HEARING PG 16.

------- Original Message --------
On Aug 13, 2022, 8:35 AM, Anthony Solis < anthonysolislaw@gmail.com> wrote:

let me know when you're free

Anthony M. Solis

SOLIS NEVER ACTED

On Aug 13, 2022, at 6:01 AM, Morrissey <wardmorrissey@proton.me> wrote:

I want you to play this video clip at my sentencing.

This is the video the prosecution did not include in our discovery. They had, it. Two can play at this game.

https://www.thegatewaypundit.com/2022/02/now-video-opened-magnetic-doors-east-side-capitol-jan-6-opened-someone-inside/

ON MY BEHALF

# Brady rule

## Primary tabs

The Brady rule, named after *Brady v. Maryland, 373 U.S. 83 (1963)*, requires prosecutors to disclose materially exculpatory evidence in the government's possession to the defense. A "Brady material" or evidence the prosecutor is required to disclose under this rule includes any evidence favorable to the accused--evidence that goes towards **negating a defendant's guilt,** that would **reduce a defendant's potential sentence**, or evidence going to the credibility of a witness.

It's a sentencing hearing, right?

Let's chat today so I can make a game plan for tomorrow, and Tuesday.

Thanks,
Sent with Proton Mail secure email.

STATUS HEARING TRANSCRIPT 7/1/22

PROCEEDINGS

THE DEPUTY CLERK: We'll start with government counsel this morning.

MR. TORTORICE: Good morning, Your Honor, Chris Tortorice for the government.

THE COURT: Good morning.

MR. SOLIS: Good morning, Your Honor, Anthony Solis for the defendant.

THE COURT: Good morning. Is the defendant on the call?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: Mr. Morrissey, you do have a right to have this hearing conducted in person. However, because of the virus and the pandemic that we've experienced we can conduct this matter remotely. What is your choice, do you want to proceed in person or you can proceed as we're doing now remotely.

THE DEFENDANT: We can proceed remotely, Your Honor.

THE COURT: Let me just ask, Mr. Morrissey, are you alleging that you did not receive effective assistance of counsel from your lawyer?

THE DEFENDANT: Yes, I am. And I believe that all the documentation that I submitted to your chamber along with the complaint that I have to the State Bar, you know,

INEFFECTIVE ASSISTANCE OF COUNSEL

SOLIS LIED TO ME THE WHOLE TIME

of videos and access to the Evidence.com database, but if there's something else out there obviously we'd like to see it and address it.

THE COURT: So I assume based upon what you're saying you don't and did not have in your possession any recordings that would support what the defendant is saying occurred?

MR. TORTORICE: I haven't seen such a video, Your Honor. If it's out there like I said I would like to see it and look in to it. Although I will say that the charge the defendant pled to is almost irrespective of that. It was the remaining in the Capitol. He should have known he was not allowed to remain in the Capitol. So even so, even if that exist the, it really doesn't affect what he pled to.

THE COURT: Well, Mr. Morrissey, the government does have an obligation if it is aware of exculpatory information to provide that information to a defendant and his lawyer, but the government's lawyer says that he doesn't know about any recording of that nature, never had such a recording available to him. And if that's true and I have no reason to suggest or believe that a member of the United States Attorney's office and a lawyer, a member of the court, you know, withheld anything from you. And if he didn't hold anything from you that he knew about then there's no *Brady* violation.

MULTIPLE BRADY VIOLATIONS

of videos and access to the Evidence.com database, but if there's something else out there obviously we'd like to see it and address it.

THE COURT: So I assume based upon what you're saying you don't and did not have in your possession any recordings that would support what the defendant is saying occurred.

MR. TORTORICE: I haven't seen such a video, Your Honor. If it's out there like I said I would like to see it and look in to it. Although I will say that the charge the defendant pled to is almost irrespective of that. It was the remaining in the Capitol. He should have known he was not allowed to remain in the Capitol. So even so, even if that exist the, it really doesn't affect what he pled to.

THE COURT: Well, Mr. Morrissey, the government does have an obligation if it is aware of exculpatory information to provide that information to a defendant and his lawyer, but the government's lawyer says that he doesn't know about any recording of that nature, never had such a recording available to him. And if that's true and I have no reason to suggest or believe that a member of the United States Attorney's office and a lawyer, a member of the court, you know, withheld anything from you. And if he didn't hold anything from you that he knew about then there's no Brady violation. — Boom!

4

I HAVE TWO CCTV VIDEO DOJ WITHHELD

# RE: [EXTERNAL] Video Evidence of My Entry Into The Capitol

From christopher.tortorice@usdoj.gov <Christopher.Tortorice@usdoj.gov>

To danmorrissey@proton.me <DanMorrissey@proton.me>

CC anthonysolislaw@gmail.com

Date Tuesday, November 1st, 2022 at 12:49 PM

---

Hi, Mr. Morrissey.

When this case began, I asked the agents to find all of the relevant videos. It is my understanding that they could not locate you entering the building, possibly because you were obscured by other people in the crowd, but it is also possible they simply missed you. They were, however, able to get a reasonable estimate of when you entered based on other people in the crowd at the time. I can ask them to look again, but I can assure you we are not intentionally withholding any videos. Also, just so we are clear, there is no factual dispute that: a) you entered the building; b) through a door that was unlocked when you entered.

THIS IS A LIE!

ADMITS CAPITOL POLICE UNLOCKED COLUMBUS DOOR

If you are aware of something that may aid in the search, please let me know.

Chris Tortorice

Assistant United States Attorney

---

**From:** Dan Morrissey <DanMorrissey@proton.me>
**Sent:** Saturday, October 29, 2022 8:13 AM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>
**Cc:** anthonysolislaw@gmail.com
**Subject:** RE: [EXTERNAL] Video Evidence of My Entry Into The Capitol

Mr. Tortorice,

I am writing to let you know that Mr. Solis is no longer representing me (I've only added him for clarity).

I need that video.

I have been patient, but that patience has run out.

The DOJ is clearly and **intentionally** withholding evidence from me (and I can prove it). This needs to end now.

I look forward to receiving the video of my entrance into the Capitol via the Columbus Doors at 2:27pm, January 6th, 2021 by end of business Wednesday, November 2nd, 2022.

Sincerely,

✓ NO RESPONSE

- Dan Morrissey

Sent with Proton Mail secure email.

------- Original Message -------
On Friday, October 14th, 2022 at 1:49 PM, Tortorice, Christopher (USADC) <Christopher.Tortorice@usdoj.gov> wrote:

Mr. Morrissey,

I apologize for my delay in responding to your email below. Unfortunately, the Rules of Professional Conduct (*see* model rule 4.2) prohibit me from communicating with a person I know to be represented by counsel about the subject matter of the representation. Should Mr. Solis or any other attorney representing you reach out to me, I'll be happy to address whatever concerns they may have.

✓ SOLIS EMAILED ASKED NEVER FORWARDED RECEIVED

Thanks,

Chris Tortorice

Assistant United States Attorney

**From:** Dan Morrissey <DanMorrissey@proton.me>
**Sent:** Wednesday, October 12, 2022 10:54 AM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>
**Cc:** anthonysolislaw@gmail.com; edwin_kidd@txwpt.uscourts.gov
**Subject:** [EXTERNAL] Video Evidence of My Entry Into The Capitol

Mr. Tortorice,

First and foremost, I would like to apologize for being so direct, and perhaps, breaching legal norms by contacting you directly. However, as you know, my case has moved to The United States Courts of Appeals, case no. 22-3059, due to ineffective assistance of counsel.

Mr. Solis has been an ill-constituted fiduciary, and has let me down, time, and again, during the former proceeding, and thereafter.

I repeatedly asked Mr. Solis to ascertain the video of my entrance into the Capitol from the DOJ, from day one. Per my conversations with Mr. Solis, Mr. Solis has informed me, he asked you for the video sometime between April 14th, 2022, and the status hearing, with Judge Walton, on July 14th, 2022. **No video was ever produced**. Whether this conversation between Mr. Solis and you, was a mere fabrication, on behalf of Mr. Solis, or the video was never submitted is irrelevant now.

I am contacting you to receive the video evidence, I (or, we), did not receive during discovery - my entrance into the Capitol on January 6th, 2021.

It is unreasonable to assume the DOJ was able to provide me with bodycam footage from several Capitol Police Officers, social media footage, via the "Jayden X Video", and my exit from the Capitol, but could not find the video of my entry, through the Columbus Doors (rotunda doors), on the Eastside of the Capitol at 2:27pm ET, as stated in the statement of offense.

I know the DOJ has this video in its possession, and I know, that you know, that I know. This is a flagrant violation of my Constitutional rights, and I am asking the DOJ to provide me with the video of my entry into the Capitol.

Today is Wednesday, October 12th, 2022, and I feel seven days is enough time for the DOJ to provide me with the video requested.

I look forward to receiving the video of my entry into the Capitol by Wednesday, October 19th, 2022 by the end of business, 5:00pm CT.

Again, I apologize for being so direct, but Mr. Solis has left me with no other option.

I appreciate your cooperation, and look forward to your reply.

Best regards,

- Dan Morrissey

Sent with Proton Mail secure email.