UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-660-RBW |
| v. : | |
| : | |
| DANIEL MICHAEL MORRISSEY : | |
| : | |
| Defendant : | |

**GOVERNMENT'S RESENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this resentencing memorandum. This Court originally sentenced Daniel Michael Morrissey (Morrissey) to a mix of imprisonment and probation as appropriate under the 18 U.S.C. § 3553(a) sentencing factors. Because that sentence has been determined to be invalid, the D.C. Circuit remanded the case to this Court for resentencing so that the Court can impose a new lawful sentence. The Government recommends that the Court resentence the defendant to 36 months of probation and 45 days of intermittent confinement as a condition of probation. Such a sentence is lawful and reflects the Court's original intent.[1]

On January 6, 2021, while members of Congress gathered in the United States Capitol to certify the results of the 2020 presidential election, Morrissey joined a large mob of rioters, marched through the Capitol, chanting, and pressing against a line of officers who were blocking rioters from going down a hallway. Gov't Sentencing Memorandum (ECF No. 31) (Attachment A).

---

[1] Pursuant to 18 U.S.C. § 3563(b)(10), a sentencing judge may require the defendant to "remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release."

For this conduct, Morrissey pleaded guilty to one count of violating 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building. At the original sentencing hearing, the Court sentenced Morrissey to a "split sentence" of 45 days of incarceration followed by a term of three years of probation, $500 in restitution, and a $10 special assessment. Judgment (ECF No. 37). This Court granted Morrissey's unopposed motion for bond during the pendency of his appeal (ECF No. 51) and therefore Morrissey never began to serve either component of his split sentence.

I. **Factual Background**

Included below is a brief refresher on the facts of this case. A more fulsome recitation of the facts is found in the government's original sentencing memo (ECF No. 31), which the government incorporates by reference.

On January 18, 2021, a confidential witness contacted the FBI tip line and reported that a co-worker ("co-worker") showed him/her photographs of Morrissey, who formerly worked at the same company, inside the US Capitol building. Morrissey previously sent the photographs to the co-worker via text message. Morrissey sent the co-worker a text message on January 6, 2021, of himself at the Lincoln Memorial. The co-worker replied and asked Morrissey if he was at the Capitol. Morrissey responded with a photo that appears to have been taken inside the Capitol followed by the text "Shit got crazy" and "I nave (*sic*) it all on video." Morrissey then sent a selfie, apparently taken inside the U.S. Capitol building (below).



The following day, Morrissey sent the co-worker a video of himself inside the Capitol building in the rotunda area, wearing the same hat and sunglasses as shown in the picture above. The crowd, including Morrissey, can be heard loudly chanting, "U-S-A" throughout the video. Morrissey entered the Capitol building through the Rotunda door at 2:27 pm.  Morrissey proceeded into Statuary Hall, then entered the Will Rogers Hallway, where he was part of a group of people pressing against a line of officers who were blocking rioters from going down a hallway.  From there, Morrissey proceeded to the House Main Door, where he chanted "Stop the steal!" with a large crowd. He exited the Upper House Doors at 2:55 pm, for a total of approximately 28 minutes inside the Capitol.

## II.     Prior Sentencing

On August 19, 2022, after careful consideration of the § 3553(a) factors, the Court imposed a split sentence of 45 days' imprisonment and 3 years' probation, $500 in restitution, and a $10 special assessment.

In deciding to impose a period of incarceration, the Court distinguished Mr. Morrissey's actions from those of defendants who revied only probation.

> Court: This case does create a little different situation for me because, as I said, because you didn't just go in. You did associate yourself in close proximity to people who were calling for violence to be perpetrated against these officers who were just doing their job, and want to go home to their families, just like everybody else. And as I said, despite all the things that were being said that I have to believe you heard, you nonetheless start hollering "stop the steal," which was only going to rile up people to do more. That's something I think cannot be condoned and does require a period of detention. So having taken into account everything that has been said, I do conclude that a period of 45 days in jail is appropriate followed by a period of three years of probation.

(U.S. v. Morrissey, Sentencing Hearing, 21:22 – 22:4) (Attachment B)

Morrissey appealed his sentence, challenging the Court's authority to impose a split sentence of prison and probation for the commission of a single petty offense. On August 18, 2023, a split panel of the D.C. Circuit held in another January 6 case that raised the same challenge, that a district court may not impose a split sentence of prison and probation for the commission of a single petty offense. *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). In light of its decision in *Little*, the D.C. Circuit remanded Morrissey's case for resentencing. Remand Order, *United States v. Morrissey*, No. 22-3059 (D.C. Cir. Feb. 1, 2024). Significantly, while the D.C. Circuit found that a split sentence of prison and probation for the commission of a single petty offense is unlawful, nothing else about the Court's original sentencing analysis has been called into question.

### III. In Compliance With The Mandate, The Court Should Impose A New Lawful Sentence.

There is no dispute that Morrissey's split sentence of incarceration and probation is unlawful under the D.C. Circuit's decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). And, as in *Little*, the D.C. Circuit remanded the case for resentencing here. *Id.* at 461 ("So we vacate Little's sentence and remand to the district court for resentencing."); Remand Order, *United States v. Morrissey*, No. 22-3059, (D.C. Cir. Feb. 1, 2024). This Court must comply with that mandate by imposing a lawful sentence. *See United States v. Little*, No. 21-CR-315-RCL, 2024

4

WL 181260, at *3-4 (denying Little's motion to remove or terminate probation where the D.C. Circuit had vacated the sentence and remanded the case for resentencing, noting that "[t]he mandate rule requires the Court to obey that directive by resentencing Little").

IV.     **The Court Should Resentence Defendant Based on the § 3553(a) Sentencing Factors.**

The overall purpose of the resentencing inquiry, like an original sentencing, is to ensure that the sentence is "sufficient, but not greater than necessary, to fulfill the purposes of [18 U.S.C.] § 3553(a)." *United States v. Palmer*, 89-cr-36-RCL, 2023 WL 2265255, at *4 (D.D.C. Feb. 28, 2023) (cited authorities omitted). The Supreme Court in *Pepper v. United States*, 562 U.S. 476, 481 (2011), held that when a "sentence has been set aside on appeal, a district court at resentencing *may* consider evidence of the defendant's post-sentencing rehabilitation" (emphasis added). Courts have interpreted the principle articulated in *Pepper* to permit district courts to consider post-sentencing conduct evidence that "does not always benefit the defendant" and "evidence of bad acts occurring after the defendant was originally sentenced." *United States v. Lawrence*, No. 03-cr-92-CKK, 2020 WL 5253890, at *7 (D.D.C. Sept. 3, 2020), *aff'd*, 1 F.4th 40 (D.C. Cir. 2021) (quoted authorities omitted).  In this case, § 3553(a) factors weigh in favor of 45 days of intermittent confinement as part of a 36-month term of probation, and $500 restitution.

While the D.C. Circuit's decision in *Little* invalidated the split sentence originally imposed here, neither the *Little* decision nor the D.C. Circuit's remand order in this case cast doubt on this Court's original sentencing analysis.  Thus, this Court's careful consideration of the § 3553(a) factors that underpinned the original sentence of 45 days' imprisonment and three years' probation is still valid.  And this original analysis supports the imposition of a new sentence of 3 years' probation with 45 days of intermittent confinement as a condition of probation.  This sentence would fulfill the purposes of the sentencing factors, as originally considered by this Court, without

exceeding this Court's sentencing authority. Notably, while the D.C. Circuit invalidated split sentences in *Little*, it affirmed the validity of intermittent confinement as a condition of probation. *See Little*, 78 F.4th at 454-55 ("probation … lets a court sentence a defendant to a term of court supervision, with an option for short periods of intermittent confinement"); *see also* 18 U.S.C. § 3563(b)(10).

Consideration of the government's original sentencing memo (incorporated here by reference) confirms that a sentence of 3 years' probation with 45 days of intermittent confinement as a condition of probation would fulfill the purposes of § 3553(a).

The spirit of the Court's original sentence was just. Nothing in the D.C. Circuit's decision in *Little* undermines the Court's original analysis. A sentence of three years' probation with 45 days of intermittent confinement as a condition of that probation is consistent with the Court's original intent, supported by the § 3553(a) factors, and within the sentencing authority of this Court.

**IV.**     **Conclusion**

For the reasons set forth above, the government respectfully requests that the Court resentence the defendant to 36 months' probation and 45 days of intermittent confinement as a condition of probation.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Christopher Tortorice*
Christopher Tortorice
Assistant United States Attorney
Texas Bar Number 24048912
National Security Section
601 D Street, N.W.
Washington, D.C. 20530
Office: (202) 252-7155
Christopher.Tortorice@usdoj.gov