IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DANIEL MICHAEL MORRISSEY,** )<br>)<br>Defendant. )<br>) | Criminal No. 21-660 (RBW) |

## MOTION FOR RETURN OF RESTITUTION, FINES, AND FEES

Defendant Daniel Michael Morrissey, through undersigned counsel, respectfully moves this Court for an order directing the government and/or the Clerk of the Court to return all fines, fees, and restitution payments Mr. Morrissey has made in this case. The government, through Assistant United States Attorney Jennifer Blackwell, has indicated that the government opposes this motion.

### BACKGROUND

On November 8, 2021, the government filed an information against Mr. Morrissey, charging him with entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); disorderly and disruptive conduct in a Capitol building or its grounds in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G).

Mr. Morrissey pled guilty to the charge of violating 40 U.S.C. § 5104(e)(2)(G) on February 23, 2022. The Court dismissed the remaining counts. On August 16, 2022, this Court sentenced Mr. Morrisey to 45 days' incarceration, 36 months' probation, a special assessment of $10, $500 in restitution, and a $2,500 fine. Mr. Morrissey filed a timely notice of appeal.

On February 1, 2024, the Court of Appeals, in light of its decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023), remanded Mr. Morrissey's case to this Court for resentencing. On April 10, 2024, Mr. Morrissey was resentenced to three years' probation, a special assessment of $10, and $500 in restitution. He immediately began serving his term of probation.

On June 10, 2024, Mr. Morrissey paid the Clerk of the Court $510, covering his restitution and special assessment costs. (Exh. 1). On November 13, 2024, Mr. Morrissey filed a pro se motion to vacate his conviction under 28 U.S.C. § 2255. That motion remained pending on January 20, 2025, when President Donald J. Trump issued a Proclamation "Granting Pardons and Commutations of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." Mr. Morrissey was pardoned under the President's Proclamation. Based on the pardon, this Court vacated a pending probation progress hearing and denied Mr. Morrissey's then-pending § 2255 motion as moot.

## ARGUMENT

Mr. Morrissey's pardon requires the government to refund the restitution and special assessment he previously paid. "When a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction[.]" *Nelson v. Colorado,* 581 U.S. 128, 130 (2017). In *Nelson*, two criminal defendants sought to recover the costs, fees, and restitution that had been imposed as part of their original criminal convictions. *Id.* at 131. Both convictions were reversed on appeal, one defendant was acquitted on retrial, and the state declined to retry the other defendant. *Id.* The Supreme Court ruled that, as a matter of due process, "once [the defendants'] convictions were erased, the presumption of their innocence was restored," and the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions," including costs, fees, and restitution. *Id.* at 135-36 (emphasis in original). Moreover, because such defendants were "entitled to be presumed innocent," the Court ruled that they "should not be saddled with any proof burden" to get their money back. *Id.* at 137.

Here, although Mr. Morrissey was pardoned rather than having his conviction vacated by the court, at the time of his pardon, he was seeking reversal of his conviction through a then-pending habeas petition. Thus, unlike many other January 6th defendants, at the time of Mr. Morrissey's pardon, his case was not final. *See, e.g.*, *United States v. Mejia*, No. 20-3086, 2022 WL 4280686, at *1 (D.C. Cir. Sept. 14, 2022)

3

("[t]he special assessment attributable to the conviction the appellant seeks to challenge precludes a mootness finding" as to appellant's § 2255 motion); *Dhinsa v. Krueger*, 917 F.3d 70, 73 (2d Cir. 2019) (defendant had Article III standing to maintain a habeas petition "based on a redressable injury-in-fact: the $100 special assessment that attaches to each of his two challenged convictions"). Because the pardon led this Court to deny Mr. Morrissey's habeas petition as moot, he was denied the opportunity for vacatur of his conviction under 28 U.S.C. § 2255.

Under the reasoning of *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001), these circumstances entitle Mr. Morrissey to the restitution and special assessment he paid before he was pardoned. *Schaffer* involved the government's appeal of the grant of a new trial that was on *en banc* review – at the defendant's request – when it was mooted by a presidential pardon of the defendant. As a result of the pardon, the Court of Appeals vacated "all opinions, judgments, and verdicts" and remanded to the district court with directions to dismiss the case as moot, reasoning that "[f]inality was never reached on the *legal question* of Schaffer's guilt" "because the appeals process was terminated prematurely." *Id.* at 38 (emphasis in original). The same reasoning applies here. Because of the presidential pardon, Mr. Morrissey's habeas petition challenging his guilt was denied as moot before final resolution on the merits. As in *Schaffer*, these circumstances should not inure to Mr. Morrissey's detriment.

4

There is no longer a valid conviction in this case and Mr. Morrissey cannot be retried, and as a result, there is no basis for denying the return of the restitution and special assessment Mr. Morrissey previously paid. *Nelson*, 581 U.S. at 135–36; s*ee also United States v. Libous*, 858 F.3d 64, 69 (2d Cir. 2017) ("If Libous's conviction is to be vacated and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine."); *United States v. Ajrawat*, 738 F. App'x 136, 139 (4th Cir. 2018) ("When the underlying conviction is invalidated—regardless of the reason—there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction.").

For these reasons, and any others that may become apparent to the Court, Mr. Morrissey requests that the Court order the government and/or the Clerk of Court to refund his payments of $500 in restitution and $10 in special assessment, totaling $510.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

          /s/
        _____

        TONY AXAM, JR.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C. 20004
        (202) 208-7500
        tony_axam@fd.org