UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-660 (RBW) |
| v. : | |
| : | |
| DANIEL MICHAEL MORRISSEY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR
REIMBURSEMENT OF FEES AND RESTITUTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, responds to defendant's motion to return the $10 special assessment and $500 in restitution for disbursement to the Architect of the Capitol. *See* ECF No. 90.

The defendant pled guilty to a misdemeanor charge for violating 40 U.S.C. 5104(e)(2)(G) on February 23., 2022. He was sentenced on August 16, 2022 to 45 days' incarceration, 36 months' probation, a special assessment of $10, $500 in restitution, and a $2,500 fine. ECF 37. The defendant's case was remanded by the D.C. Circuit Court of Appeals in light of its decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). On April 10, 2024, he was re-sentenced to three years' probation, a special assessment of $10, and $500 in restitution. ECF 77.

On November 13, 2024, the defendant filed a pro se motion to vacate his conviction under 28 U.S.C. § 2255. On January 20, 2025, President Trump pardoned the defendant, among others. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). The Court vacated a pending probation hearing and denied the defendant's 2255 motion as moot. ECF 89.

The defendant has now moved for an order requiring the Clerk of the Court to refund the special assessment and restitution that he paid. ECF 90. The defendant is not entitled to a return of those funds. A pardon "does not make amends for the past. It affords no relief for what has been

suffered by the offender in his person by imprisonment, forced labor, or otherwise; it does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Knote v. United States*, 95 U.S. 149, 153-54 (1877). As a result, a pardon does not "affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Id.* at 154. When that occurs, "[t]he rights of the parties have become vested, and are as complete as if they were acquired in any other legal way. So, also, if the proceeds have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Id.*; *see also Ex parte Garland*, 71 U.S. 333, 381 (1867) ("There is only this limitation to its operation: it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.").

Thus, for example, in *Fordham v. Georgia Department of Administrative Services*, No. 23-11214, 2023 WL 5747709 (11th Cir. Sept. 6, 2023), the Eleventh Circuit rejected a defendant's request for "reimbursement of the restitution payments he made before his pardon[.]" *Id.* at *1. The district court in that case had "properly concluded that Fordham's pardon discharged his obligation to make *future* restitution payments." *Id.* at *2. But as to the restitution payments that the defendant had already made, "[t]he district court transferred all restitution monies to the victims, so the property rights to those funds have fully vested in the Department and Great American. . . . In short, the money Fordham seeks is long gone. Allowing him to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court." *Id.*; *see also Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *3 (Fed. Cl. June 27, 2024) (dismissing, for lack of subject matter jurisdiction, Tucker Act claim brought by

2

pardoned plaintiff who sought a refund of all financial penalties collected; explaining that the "pardon power is not money mandating when the money is paid pursuant to a criminal conviction has vested in a third party").

The defendant argues, instead, that his case should be treated under *Nelson v. Colorado*, 581 U.S. 128 (2017). There, the Court addressed the question: "When a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the State obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction?" *Id.* at 130. The Court found that it was. *Id.* The Court held that, "[t]o comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Id.* at 139; *see also Boultbee*, 2024 WL 3220261, at *4 ("*Nelson* involved individuals whose convictions were invalidated on appellate review, not pardons"). Relying on *Nelson*, courts of appeals have held that, when a defendant dies during the pendency of the appeal, his estate is entitled to a return of fines, fees, and restitution. *See, e.g.*, *United States v. Libous*, 858 F.3d 64, 69 (2d Cir. 2017) ("If Libous's conviction is to be vacated and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine.").

Here, however, the defendant's conviction was not invalidated nor vacated. Instead, he was pardoned, and his conviction is final. Thus, the *Knote* case law and its progeny apply, and the defendant is not entitled to a return of his special assessment or restitution paid. The motion should be denied.

Respectfully submitted,

Edward Robert Martin, Jr.
United States Attorney
D.C. Bar No. 481866

_____/S/_____
Jennifer Leigh Blackwell
Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, NW
Washington, D.C. 20530
Jennifer.blackwell3@usdoj.gov
(202) 252-7068