**Motion Under Rule 60(b)(3)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
Plaintiff,

v.  Case No. 1:21-cr-00660-RBW

DANIEL MICHAEL MORRISSEY,
Defendant.

_____

### MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3)

COMES NOW, the Defendant, Daniel Michael Morrissey, Pro Se, and respectfully moves this Court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) on the grounds of **fraud**, **misrepresentation**, and **misconduct** by the government and its agents, which prevented the full and fair presentation of the defense.

### I. BASIS FOR RELIEF

Federal Rule of Civil Procedure 60(b)(3) permits relief from a **final judgment** on grounds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

Relief is appropriate where the opposing party's conduct prevented the movant from fully and fairly presenting their case. See *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). The burden is on the movant to show misconduct by clear and convincing evidence. *See also Anderson v. Cryovac, Inc.*, 862 F.2d 910 (1st Cir. 1988).

### II. FACTUAL BACKGROUND

1. On October 15, 2022, defense counsel Anthony Solis admitted in an email that he had been aware since at least February 2022 of a Brady video exonerating Mr. Morrissey, which the prosecution (AUSA Christopher Tortorice) had failed to disclose to the defense or the court.
2. This Brady material had been requested multiple times and was falsely denied by the prosecution. Solis's failure to raise this at pre-trial hearings constitutes both ineffective assistance of counsel and a failure to report misconduct under ABA Rule 8.3(a).

3. Tortorice's suppression of exculpatory evidence, combined with Solis's concealment of the Brady material, materially prejudiced the Defendant and induced a plea under false pretenses.
4. Appellate counsel Tony Axam also failed to act upon this misconduct after receiving evidence of the Brady violation, violating ethical reporting duties under Rule 8.3(a).

### III. GROUNDS FOR RELIEF

Under Rule 60(b)(3), the judgment entered in this case is infected by:

- **Fraud upon the court** by AUSA Tortorice via suppression of exculpatory evidence;
- **Misrepresentation** by both government counsel and defense counsel regarding the existence of said evidence;
- **Misconduct** by Solis and Axam for **failing to report** or remedy the violation, despite documented proof.

### IV. REQUESTED RELIEF

Defendant respectfully requests the Court:

1. VACATE the judgment entered pursuant to the guilty plea;
2. ORDER a hearing to assess the scope and impact of the Brady violation;
3. ORDER return of restitution and all post-conviction penalties imposed;
4. ORDER compensatory and punitive damages due to fraud;
5. PRESERVE standing for damages and constitutional claims.

Respectfully submitted,

Daniel Michael Morrissey
Pro Se Defendant
Date: July 2nd, 2025