UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 21-660 (RBW) |
| DANIEL MICHAEL MORRISSEY, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On February 23, 2022, the defendant pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See Minute ("Min.") Entry (Feb. 23, 2022); Plea Agreement at 1, ECF No. 16. On August 16, 2022, the defendant was sentenced to forty-five days of incarceration and thirty-six months of probation. See Judgment in a Criminal Case at 2, 4, ECF No. 37. The Court also imposed a fine of $2,500, restitution in the amount of $500, and a special assessment of $10. See id. at 8.

On August 23, 2022, the defendant appealed his sentence to the District of Columbia Circuit. See Notice of Appeal at 1, ECF No. 39. The District of Columbia Circuit issued an Order on February 1, 2024, in which it remanded this case for resentencing proceedings in light of United States v. Little, 78 F.4th 453, 461 (D.C. Cir. 2023). See District of Columbia Circuit Order at 1 (Feb. 1, 2024), ECF No. 68. In Little, the Circuit held that "[p]robation and imprisonment are alternative sentences that cannot generally be combined." 78 F.4th at 454. Therefore, on April 10, 2024, the Court resentenced the defendant to three years of probation. See Judgment in a Criminal Case at 2, ECF No. 77.

Subsequently, on November 8, 2024, the defendant filed a motion under 28 U.S.C. § 2255 to vacate his judgment. See generally Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody ("Def.'s § 2255 Mot."), ECF No. 86. The defendant's motion was based on three grounds: (1) violations of his due process rights arising out of the government's alleged violations of its <u>Brady</u> obligations relating to videos of individuals entering the Capitol Building, <u>see id.</u> at 5; (2) a claim of ineffective assistance of counsel of his former counsel, Anthony Solis, <u>see id.</u> at 6; and (3) a claim under the Eighth Amendment for the government's prosecution and alleged denial of the defendant's "right to earn a living" due to "smears" against the defendant's character, <u>see id.</u> at 8. Finally, after the President's pardon that was issued, the Court denied as moot the defendant's then-pending § 2255 Motion. <u>See</u> Order at 1 (Jan. 30, 2025), ECF No. 89.

Currently pending before the Court are two <u>pro se</u> motions filed by the defendant: (1) his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3) ("Def.'s Mot."), ECF No. 95, as supplemented by his Addendum to Rule 60(b)(3) Motion ("Def.'s Add."), ECF No. 96; and (2) his Emergency Motion for Interim Monetary Relief to Prevent Imminent Eviction ("Def.'s Emergency Mot."), ECF No. 100.[1]

In relevant part, these two motions allege that the defendant's prior counsel in this matter, Anthony Solis, in combination with the government, "defrauded this Court, obstructed justice, and deliberately sabotaged [the defendant's] defense." Def.'s Add. at 1; Def.'s Emergency Mot. at 1. The defendant's motions request, <u>inter alia</u>, that the Court order "compensatory and punitive damages" against these individuals, Def.'s Mot. at 2, as well as the "restitution of all

---

[1] The defendant has also, with the assistance of his appellate counsel in this matter, filed a Motion for Return of Restitution, Fines, and Fees, ECF No. 90, that the Court will address separately in a forthcoming Order.

monies paid to Mr. Solis" arising from his representation of the defendant, Def.'s Add. at 4; see Def.'s Emergency Mot. at 2.[2]

The Court is not unsympathetic to the defendant's apparent financial hardship, as described in the defendant's emergency motion.  However, to the extent that the defendant seeks damages against his prior counsel or other individuals associated with his case, the defendant must file a separate, civil lawsuit, naming those individuals as defendants.  Thus, the Court must deny these motions without prejudice to the extent that they seek to have the Court order monetary relief against the above-named individuals.  Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3), ECF No. 95, is **DENIED WITHOUT PREJUDICE IN PART AND HELD IN ABEYANCE IN PART**.  The motion is **DENIED WITHOUT PREJUDICE** to the extent that it seeks to (1) bring legal malpractice or other claims for damages directly against his prior counsel in this matter; (2) bring claims for damages against the Assistant U.S. Attorney in this matter.  The motion is **HELD IN ABEYANCE** in all other respects.  It is further

**ORDERED** that the defendant's Emergency Motion for Interim Monetary Relief to Prevent Imminent Eviction, ECF No. 100, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 15th day of October, 2025.

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Judge

---

[2] In addition to the defendant's requested relief to vacate the Court's judgment entered pursuant to the defendant's guilty plea and repayment of his restitution and fines, see Def.'s Mot. at 2, which the Court will address by separate Order.