UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, Plaintiff,

v. Case No.: 1:21-cr-00660-RBW DANIEL MICHAEL MORRISSEY, Defendant.

# MOTION TO ADJUDICATE IN ABEYANCE ORDER ECF. No. 101

Comes now the Defendant, DANIEL MICHAEL MORRISSEY, proceeding *pro se*, and petitioning the court to properly adjudicate and rule on Mr. Morrissey's Rule 60(b)(3) motion ECF No. 95, and ECF No. 96 (addendum) as the court still has a live, non-moot controversy before it, due to the fact that Mr. Morrissey formally rejected his Presidential Pardon on June 9th, 2025 and remitted to the U.S. Pardon Attorney.

By formally rejecting the pardon on June 9th, 2025 (citing my innocence, "I'm innocent, I never needed it anyway"), I have invoked the Supreme Court precedent *Burdick v. United States*, 236 U.S. 79 (1915). A pardon is a "deed" that must be accepted to be valid. Because I rejected it, the pardon is legally inoperative, which is why I filed a Rule 60(b)(3) with the court on July 2nd, 2025.

The fraud upon the court in *U.S. v. Morrissey*, 1:21-cr-660-RBW is so endemic it violates every tenor constitutional protection to secure a conviction via a fraudulent plea to enshrine a narrative that never was, "J6 was an insurrection!", by any means necessary.

The great lengths that the DOJ, AUSA Tortorice, "defense" counsel Solis, appellant "counsel" Axam, and the court itself took to ensure this narrative remained intact throughout this case goes far beyond the fraud found in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

## II. CLEAR AND CONVINCING EVIDENCE OF THE FRAUD IS ON THE DOCKET

This Court is holding in abeyance a motion (ECF No. 95) that provides clear and convincing evidence of a "scheme to defraud the... court." *Hazel-Atlas*, 322 U.S. at 246. This fraud is not speculative; it is a documented, multi-layered deception by officers of this Court, which includes, but is not limited to: Christopher Tortorice, Anthony Solis, Tony Axam, and has been compounded by subsequent institutional complicity in addition to judicial cover—HELD IN ABEYANCE…

### A. The Intentional Suppression of Material *Brady* Evidence

The suppressed evidence, multiple CCTV feeds from the Columbus Door [Exhibits; *see also* "US v Morrissey Video Links...csv"] is fundamentally exculpatory. It proves my entry was not a willful act, but the result of an overpowering crowd surge after Capitol personnel unlocked the magnetically sealed doors, then opening the doors, thus inducing the public's entry into the Capitol.

This evidence was the foundation for a complete **Defense of Necessity**, which was affirmed by Becky Neal at D.C. Disciplinary Counsel on December 21st, 2023.

There is NO MISTAKE that the multiple *Brady* videos were intentionally withheld from me by AUSA, Christopher Tortorice and Anthony Solis. See the confessed conspiracy email on October 15th, 2022. In short, Solis confessed they conspired to withhold the exculpatory evidence from me because it did not fit the J6 narrative, and provably demonstrated the public's entry into the Capitol was induced by the Capitol Police.

This suppression is made more egregious by the fact that the DOJ was in possession of this footage and used footage from the **exact same camera to prosecute other defendants** (e.g., *United States v. McGrew*) when it supported their narrative. This was not negligence; it was the selective, intentional suppression of material, exculpatory evidence to withhold the truth and prop up a lie.

**B. The Prosecutor's Fraudulent Misrepresentation to the Court**

On July 14, 2022, AUSA Christopher T. Tortorice made material false statements to this Court. When asked directly about the existence of this video, he stated:

**"No, Your Honor... This is the first that I heard of this complaint."** *(July 14, 2022, Status Conf. Tr., p. 3, ECF No. 93-2).*

This statement was false. The record proves that AUSA Tortorice had actual knowledge of the video prior to this hearing. My former counsel, Anthony M. Solis, confirmed this in writing (in evidence already on the docket):

1. **Solis Email (Sept. 27, 2022):** "yes, I requested it before our hearing on 7/14 - he [Tortorice] wasn't aware of the video so I sent him the link."
2. **Solis Email (Oct. 15, 2022):** "You'll recall that prior to the July 14, 2022 status conference... we discussed** that Mr. Morrissey found in the public domain additional videos."

AUSA Tortorice's false statements to the Court constitute a *Giglio* violation and are the unambiguous definition of fraud on the court. Mr. Solis's silent complicity during the hearing, despite having sent the link himself, makes him a party to that fraud.

**C. The Court's Coercive Actions to Shield the Fraudulent Plea**

The fraud documented in Section II.B. was compounded by this Court's active participation in suppressing the Defendant's remedy. When I raised the issue of Mr. Solis's complicity in the *Brady* violation via a formal State Bar complaint, this Court used its judicial authority to coerce me into withdrawing that complaint, thereby shielding both attorneys and preserving the fraudulent plea via a status hearing on July 14th, 2022.

1. **The Ultimatum:** During the July 14, 2022, Status Conference, Mr. Solis presented me with an ultimatum, stating that a "direct conflict" existed and that **"I don't believe he can persist in a Bar complaint and at the same time have me represent him at sentencing."** *(See Solis Email, July 16, 2022, ECF No. 94-3, Att. 1; 7/14/22 Tr. p. 15, ECF No. 93-2).*
2. **The Judicial Coercion:** Instead of pausing the proceeding to investigate the merits of the fraud that *caused* the Bar complaint, this Court immediately validated Mr. Solis' ultimatum. The Court threatened me with the loss of my plea agreement by stating that if I continued with the complaint, I would lose my counsel and be forced to go to trial:
   - THE COURT: "But it seems to me if **you're going to continue to pursue your Bar complaint... I think that does create a problem with him representing you at your sentencing.**" *(7/14/22 Tr. p. 14, ECF No. 93-2).*
   - THE COURT: "I would tend to agree with that. It just **doesn't feel good** to have a lawyer representing someone who has a Bar complaint filed against him... I would think under those circumstances that **other counsel would have to represent him** if he is going to continue... to pursue that Bar complaint." *(7/14/22 Tr. p. 16, ECF No. 93-2).*
3. **The Intended Result (Capitulation):** This judicial pressure had its intended effect. The record shows an immediate, coerced resolution:
   - **July 18, 2022:** Mr. Solis reports to this Court that the conflict is resolved: **"(1) there is no conflict with my ongoing representation of the defendant."** *(Solis Post July 14th Status Hearing.pdf).*
   - **July 20, 2022:** I formally capitulated, writing to the State Bar: **"I elected to not risk my current plea bargain... This includes my complaint against Mr. Solis."** *(Ms Stowe Reply 7_20_22.pdf).*

This Court's actions on July 14, 2022, constitute a direct participation in the "scheme to defraud" defined in *Hazel-Atlas*.

### D. The Continued Complicity of Appellant Counsel

This institutional failure continued for three years. On July 1, 2025, my appellant counsel, Tony L. Axam, admitted his knowledge of the fraud (only after I confronted him) but refused to act, confirming the exhaustion of all other remedies:

**"I'm sorry I can't do what you are asking of me.** Regardless of my views on the substantive merits of your complaints against Tortorice and Solis, **anything I know about their actions is reflected in transcripts."** *(Axam Email, July 1, 2025, ECF No. 93-3).*

This admission proves that every officer of the court with knowledge of the fraud chose inaction, forcing the matter back to this Court as the *only* forum capable of providing a remedy.

### E. The "IN ABEYANCE" Order Creates an Institutional Catch-22 and Obstructs Justice

This Court's indefinite delay is not a passive act; it is the lynchpin that holds the entire fraudulent scheme together. By refusing to rule on the merits of the documented fraud, this Court has

actively blocked every co-equal oversight body from performing its duty, thereby obstructing justice.

1. **Exhaustion of All Remedies:** I have filed formal, documented complaints with the Department of Justice Office of Professional Responsibility (OPR), the Office of the Inspector General (OIG), the Executive Office for U.S. Attorneys (EOUSA), and the D.C. Bar.
2. **The Institutional "Catch-22":** These bodies have uniformly refused to investigate, creating a perfect procedural "Catch-22" where each entity defers to this Court, which, in turn, refuses to act.
   - The **D.C. Bar** stated it would not act **"If a court... finds that Mr. Tortorice acted improperly, you may send us the written decision for our consideration."** *(D.C. Bar Reply, Dec. 21, 2023).*
   - **OPR** explicitly confirmed this policy in writing, stating: "...it is the policy of this office to refrain from investigating... **unless a court has made a specific finding of misconduct** by a DOJ attorney..." *(OPR Response, Oct. 27, 2023).*

The "IN ABEYANCE" order (ECF No. 101) is the sole mechanism preventing the investigation of AUSA Tortorice, Anthony Solis, and Tony Axam. This Court is in possession of clear and convincing evidence of fraud and is aware that it is the *only* entity that can make the "specific finding of misconduct" required by OPR.

By indefinitely withholding that finding, this Court is not managing its docket; it is actively shielding officers of the court from accountability and perpetuating the obstruction of justice.

## III. IRREPARABLE HARM AND THE ABUSE OF DISCRETION

This Court's indefinite delay is not harmless. It is an active abuse of discretion that is causing catastrophic and irreparable harm to the Defendant.

1. On October 14, 2025, I filed an **Emergency Motion for Interim Monetary Relief (ECF No. 100)**, notifying this Court that I was facing imminent eviction and homelessness as a direct financial consequence of this five-year legal battle and the fraudulent "representation" for which I paid Mr. Solis.
2. In its Order (ECF No. 101), this Court acknowledged my "apparent financial hardship" but denied the emergency relief, instead directing me to a "separate, civil lawsuit."
3. This Court cannot, in good faith, hold my *Fraud Upon the Court* motion in indefinite abeyance while simultaneously acknowledging that this very delay is causing me to become homeless. To delay ruling on the core fraud, while denying emergency relief from the consequences of that fraud, is a "manifest injustice" that demands immediate correction.

"In closing, 1:21-cr-660-RBW, The United States v. Daniel Michael Morrissey will not be remembered for a mere fraud upon the court finding, it will be memorialized in American jurisprudence as the case where the court committed fraud upon the people."

## IV. PRAYER FOR RELIEF

The "IN ABEYANCE" order is the final mechanism of the cover-up, and its procedural basis has been eliminated by the Defendant's rejection of the Presidential Pardon.

WHEREFORE, the Defendant, Daniel Michael Morrissey, respectfully prays this Court:

1. **IMMEDIATELY LIFT** the "HELD IN ABEYANCE" status from the Motion for Relief from Judgment (ECF No. 95);
2. **GRANT** the Motion for Relief from Judgment (ECF No. 95) and **VACATE** the judgment of conviction as it was procured by clear and convincing evidence of Fraud Upon the Court;
3. **ORDER** the immediate repayment of all restitution, fines, and fees paid to former counsel Anthony Solis, as detailed in the addendum (ECF No. 96);
4. **ISSUE** a specific finding of misconduct against AUSA Christopher T. Tortorice, Anthony M. Solis, and Tony L. Axam, and formally **REFER** this matter to the Office of Professional Responsibility (OPR) and the D.C. Bar for investigation, thereby breaking the institutional "Catch-22."

Respectfully Submitted,

Daniel Michael Morrissey *Pro Se* Defendant