## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA, Plaintiff,**

**v. Case No.: 1:21-cr-00660-RBW DANIEL MICHAEL MORRISSEY, Defendant.**

**AFFIDAVIT OF BIAS AND PREJUDICE**

**(28 U.S.C. § 144)**

I, Daniel Michael Morrissey, being first duly sworn, depose and state as follows:

1. I am the Defendant, proceeding *pro se*, in the above-entitled criminal action.
2. I have filed a Motion for Recusal of the Honorable Reggie B. Walton pursuant to 28 U.S.C. § 144 and 28 U.S.C. 455(a), and this affidavit is made in support thereof.
3. I swear that the facts stated herein are true and correct to the best of my knowledge and belief.
4. The specific facts demonstrating the Judge's bias and prejudice against the Defendant and his pending challenge to the conviction are set forth below:

1. Actual Judicial Participation in Suppressing Remedy (July 14, 2022)

The bias originates from the Presiding Judge's direct action to shield the attorneys and compel the Defendant to abandon his remedy for the alleged misconduct:

- On July 14, 2022, during the Status Conference, I informed the Court of my complaint against my attorney, Anthony M. Solis, which was based on the suppression of exculpatory evidence.
- Mr. Solis presented an ultimatum, stating I could not pursue the complaint and maintain his representation.
- The Presiding Judge immediately validated this ultimatum and pressured me by stating that if I pursued the complaint, I would lose Mr. Solis, which would "create a problem with him representing you at your sentencing".
- I formally withdrew the Bar complaint on July 20, 2022, because I "elected to not risk my current plea bargain" due to this judicial pressure.
- This act constituted the Court's "direct participation in the 'scheme to defraud' defined in Hazel-Atlas" by shielding both attorneys and preserving the fraudulent plea.\

2. Perpetuation of the Conflict via ECF No. 101 (October 15, 2025)

The bias is perpetuated by the Judge's refusal to rule on the merits of the fraud:

- On October 15, 2025, the Court issued Order ECF No. 101, holding my Motion for Relief from Judgment (ECF No. 95) "IN ABEYANCE".
- This indefinite delay is not passive; it is the "sole mechanism" preventing external bodies, such as the Office of Professional Responsibility, from investigating the attorneys, as they require a "specific finding of misconduct" from the Court.
- By maintaining the *abeyance*, the Court is actively shielding the attorneys from accountability and obstructing my remedy, thereby continuing the judicial action alleged in the *Hazel-Atlas* scheme.

3. Conclusion of Bias

The facts demonstrate that the Judge's prior judicial conduct is a material fact in the current Fraud Upon the Court proceeding. The Judge cannot impartially rule on the merits of a motion that explicitly challenges the integrity of his own prior judicial actions. This constitutes an actual bias against the Defendant's pursuit of justice.

Date: 11/19/2025

Daniel Michael Morrissey