**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**In re DANIEL MICHAEL MORRISSEY,** *Petitioner.*

*U.S. District Court for the District of Columbia, Case No. 1:21-cr-00660-RBW*

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**

**I. PRELIMINARY STATEMENT: THE ABDICATION OF DUTY**

I, Daniel Michael Morrissey, seek an emergency Writ of Mandamus to compel the District Court Judge Reggie B. Walton to discharge its mandatory judicial duty: to rule on my pending Motion for Recusal and to adjudicate a "Fraud on the Court" motion that has been unlawfully held in abeyance.

The District Court docket has entered a state of tactical paralysis. The District Court has:

1. **Acknowledged** my Motion for Recusal (ECF No. 105) by granting leave to file it on November 20, 2025, yet has refused to rule on it while continuing to issue other orders.
2. **Abdicated** its duty to rule on my Rule 60(b)(3) Fraud Motion (ECF No. 95) by holding it in "ABEYANCE" and instructing me to pursue "civil remedies" (Order 101).
3. **Ignored** my formal rejection of a Presidential Pardon (ECF No. 103), which legally removed any basis for the abeyance.

This is not administrative delay; it is an institutional standoff. The Record confirms that on **July 14, 2022**, the District Court coerced me into withdrawing a Bar complaint against my counsel, Solis. On **October 15, 2022**, that same counsel admitted in writing that the Government (Tortorice) had lied to the Court about exculpatory evidence. The District Court is now paralyzed because it cannot adjudicate the fraud without exposing its own participation in the coercion that preserved the fraudulent conviction in July of 2022, and the attempt to suspend the finding of fraud in October of 2025. Mandamus is the only remedy to break this deadlock.

**II. STATEMENT OF FACTS & PROCEDURAL CHRONOLOGY**

1. **The Coercion (July 14, 2022):** During a status hearing, I attempted to raise the issue of suppressed exculpatory video evidence. The Government (AUSA Tortorice) **LIED** to the Court that my claims were meritless even though Tortorice knew that I had presented the video to Solis. The District Court, rather than inquiring, pressured me regarding my pending Bar complaint against Solis.
2. **The Forced Withdrawal (July 20, 2022):** As a direct result of the Court's pressure, I wrote to the State Bar of California (Ms. Stowe), stating: *"Judge Walton asked me if I wanted to remove my plea... I elected to not risk my current plea bargain... This includes my complaint against Mr. Solis."* (See Exhibit: Ms. Stowe Reply).
3. **The Confession of Conspiracy (October 15, 2022):** Two months after I was sentenced, Solis emailed Tortorice, stating: *"Chris: You'll recall that **prior to the July 14, 2022**

>   *status conference... we discussed that Mr. Morrissey found... additional videos..."* This email (on the docket) proves that both counsel *knew* the evidence existed and *knew* the Government's denial in court was false. Tortorice **LIED** and Solis **LIED** by omission.
> 4. **The "Abeyance" Order (Oct 15, 2025):** The District Court issued Order 101, holding my Rule 60(b)(3) Fraud Motion in **"ABEYANCE"** and instructing me to file a separate civil suit for damages against Solis and Tortorice.
> 5. **The *Burdick* Rejection (Nov 11, 2025):** I filed ECF No. 103, formally notifying the Court that I had rejected a Presidential Pardon pursuant to *Burdick v. United States*, 236 U.S. 79 (1915). This filing removed any mootness justification for the abeyance.
> 6. **The Recusal Standoff (Nov 20, 2025):** Judge Walton signed a Minute Order granting leave to file my Motion for Recusal (ECF No. 105). Despite acknowledging my Affidavit of Bias, the Judge has failed to rule on his disqualification.

## III. REASONS FOR GRANTING THE WRIT

### A. The Court Cannot Ignore a Pending Recusal Motion (28 U.S.C. § 144).

It is a fundamental principle of federal procedure that when an Affidavit of Bias is filed, the judge must proceed no further until the sufficiency of the affidavit is determined. Judge Walton explicitly acknowledged the motion by granting leave to file it on November 20, 2025. By leaving ECF No. 105 unadjudicated while managing other aspects of the docket (such as granting leave for Motion 110 on Dec 4), the District Court is acting without proper authority. Mandamus is required to compel a ruling on recusal immediately.

### B. The "Civil Remedy" Instruction is an Abdication of Jurisdiction.

The District Court cannot outsource "Fraud on the Court" to a civil malpractice docket. By holding my criminal fraud motion in abeyance and pointing me toward a civil suit (Order 101), the Court creates a procedural trap. A civil court cannot vacate a criminal judgment (*Heck v. Humphrey*). The District Court has the exclusive duty to police the integrity of its own criminal judgments. Which after U.S. v. Morrissey, the Court has none.

### C. The "Zombie Docket": Unilateral Creation of Claims Violates the Party Presentation Principle and *Castro v. United States*.

The District Court is engaging in docket manipulation to avoid adjudicating the fraud. On **January 30, 2025**, the Court ruled that my § 2255 Motion (IAC) was **MOOT**. Yet, on **December 4, 2025**, the Court unilaterally granted leave to file **Motion 110**, which contains identical IAC claims, effectively reviving a dead motion *sua sponte*.

This unilateral resurrection violates the principles established in *Castro v. United States*, **540 U.S. 375 (2003)** and *United States v. Sineneng-Smith*, **140 S. Ct. 1575 (2020)**.

In *Castro*, the Supreme Court held that a **district court cannot unilaterally recharacterize a *pro se* litigant's pleading into a specific relief vehicle without providing notice and warnings**, as doing so may severely prejudice the litigant's rights. Furthermore, under the

**"Party Presentation Principle"** affirmed in *Sineneng-Smith*, courts "are normally decided by the parties" and must wait for the parties to present the issues; they may not "sally forth" to build their own case or reshape the docket to suit a preferred outcome.

Here, Judge Walton's "Zombie Motion" strategy is even more prejudicial than the error in *Castro*. By reviving a moot IAC claim (Motion 110) while holding the Fraud Motion (ECF No. 95) in abeyance, the Court is attempting to force a "soft vacatur" based on corrupt counsel. This maneuver is designed to evade the necessary findings of **Fraud on the Court** that implicate the DOJ and the Court itself.

I did not request this "revival"; it is a judicial construct designed to sanitize the record. Under *Castro* and *Sineneng-Smith*, the Court cannot unilaterally dictate my strategy to suit its own convenience.

### D. The Conspiracy of Silence: Appellate Misconduct.

The Court's attempt to limit the fallout to trial counsel, Solis via Motion 110 is foreclosed by the **documented misconduct of Appellate Counsel, Tony Axam**. In an email dated **November 29, 2023**, Axam acknowledged that the suppressed video evidence proved I "did not have the criminal intent [mens rea]" required for conviction. However, rather than raising this claim of Actual Innocence, Axam threatened to abandon me via an *Anders* brief if I persisted:

*"If you were to insist on a claim on appeal that I could not raise in good faith, I would likely have to ask the Court to allow me to withdraw and I would file a brief under Anders v. California... and Suggs v. United States... informing the Court of the reasons that I do not believe there is a non-frivolous argument to be made on your behalf....* ***I cannot conceive of how you would prevail if I were forced to file a brief under Anders.*** **(It's called the TRUTH, Axam).**

*Of course, none of this resolves the more immediate question concerning resentencing before Judge Walton in light of Little. The government wants to know our position today.* ***I do not want to tell them that you are considering other claims on appeal because I do not want them think that you're seeking to avoid responsibility if a resentencing is imminent."***

This communication constitutes a concerted effort to suppress a claim of Actual Innocence under the threat of abandonment. It further demonstrates that the focus was on "resentencing" before Judge Walton, maintaining the status quo rather than exposing the underlying fraud. The District Court's refusal to rule on the Rule 60(b)(3) motion protects this systemic misconduct from scrutiny.

The Instability and Compounded Harm This inaction from late 2022 to the present has only compounded the instability in my life. From 2022 until April 10, 2024, Mr. Axam utilized the threat of "longer imprisonment" to silence me. This coercion made my housing situation and my ability to care for my elderly mother nearly impossible, as I was forced to live in a state of manufactured peril, believing re-incarceration was imminent. As evidenced by "The Axam

Effect" (Attached Exhibit), I was forced to notify my landlord of lease non-renewal due to these threats. It was only on April 10, 2024, after realizing I would not be imprisoned, that I emailed my landlord stating: "I'm not going to prison, like I had originally been sentenced to! We're gonna be able to stay!" Mr. Axam knew the evidence of my innocence existed the entire time, yet he allowed me to suffer under the terror of false imprisonment to protect the system's fraud. THIS WILL NOT BE TOLERATED!

**E. The Docket is Paralyzed by an Institutional Standoff.**

The delay in this case is not bureaucratic; it is evidentiary. The "Solis Confession Email" (Oct 15, 2022) proves that the Government committed perjury regarding the existence of video evidence during the July 14, 2022 hearing. The District Court is paralyzed because it cannot rule on the fraud without acknowledging its own role in the July 14, 2022 hearing, where it coerced me to drop my Bar complaint a complaint that would have exposed this very fraud three plus years ago. The Court cannot be expected to impartially adjudicate a fraud in which it was an active participant.

**F. Fraud Vitiates All: The Demand for Status Quo Ante (Motion 111).**

The District Court's refusal to rule is causing continuing, irreparable economic harm. Under the long-standing legal maxim *fraus omnia corrumpit* **fraud vitiates everything** a judgment obtained by fraud is **void** *ab initio*. Consequently, the remedy for "Fraud on the Court" is not merely the vacation of the conviction, but the restoration of the Petitioner to the *status quo ante*, the economic position I held before the fraudulent scheme was executed.

I have filed a **Second Addendum (Motion 111)** detailing the specific economic damages caused by this fraud, which the District Court has ignored. The "Abeyance" (Order 101) prevents the adjudication of these damages, while the "Civil Remedy" instruction is legally insufficient to address them. The Court was a participant in the fraud and thus the court has equitable powers to restore what I have lost, and MUST DO SO.

**G. Spoliation of the Judicial Record (The Missing "Stowe Evidence")** The District Court has engaged in the selective sanitization of the docket. In compiling the evidentiary record for the pending motions (see **Document 103-1**), the Court included various exhibits but **omitted the specific email dated July 20, 2022 (The "Stowe Reply")**.

This omission is not accidental. The "Stowe Reply" is the singular document wherein I explicitly stated to the State Bar of California that I was withdrawing my complaint against counsel *only* because "Judge Walton asked me if I wanted to remove my plea."

By stripping this document from the record, the District Court is attempting to hide the evidence of its own coercive role in suppressing the 2022 fraud. The Circuit Court must compel the full restoration of the record to include the "Stowe Reply" as proof of the involuntary nature of the complaint's withdrawal.

On **July 18, 2022**, just four days after the July 14th status conference where I explicitly raised the issue of counsel's ineffectiveness, Solis filed a **"Joint Status Report" (Document 29)**. In this filing, Mr. Solis represented to the Court that the defense was "prepared for sentencing," deliberately concealing the active conflict of interest and the allegations of suppressed evidence raised only 96 hours prior. Solis never presented the evidence at sentencing or at any point to conceal the conspiracy, which he later confessed to.

The District Court accepted this fraudulent Status Report without inquiry, effectively ratifying the lie. By preserving Document 29 (the lie) on the docket while excluding the "Stowe Reply" (the proof of coercion) from the evidentiary record in Document 103-1, the District Court has **actively curated a false narrative**. The docket now reflects a "clean" path to sentencing that never existed, while the evidence of **the judicial coercion** that forced that path has been spoliated. Mandamus is the only remedy to correct a record that has been intentionally corrupted by the very officers entrusted to maintain it.

**1. The Quantifiable Economic Loss** The fraud perpetrated by the Department of Justice and Defense Counsel forced the liquidation and loss of assets that have since appreciated significantly. As detailed in the exhibits to Motion 111:

- **Bitcoin Holdings:** The Pre-Sentence Report (PSR) from March 2022 listed my holdings at **5.36 BTC**, valued then at approximately **$214,000**. As of October 15, 2025 (the date of the Abeyance Order), that same asset is valued at **$593,398.47**. The fraudulent conviction and subsequent legal battles forced the liquidation of this asset.
- **Legal Fees & Interest:** I paid **$14,084.93** (principal plus interest) to Anthony Solis for "representation" that was, in fact, a conspiracy to suppress exculpatory evidence.
- **EDD/UI Claims:** The conviction resulted in the loss of **$7,905.98** in rightful unemployment benefits and interest.

**2. The Failure of the Civil Remedy** Judge Walton's instruction to "file a separate, civil lawsuit" (Order 101) is a denial of justice. A civil court cannot order the *restitution* of fines paid to the government, nor can it use the court's inherent supervisory powers to order the disgorgement of fees from an attorney who committed fraud *on the criminal docket*. By holding the fraud finding in abeyance, the District Court protects the fruits of the fraud while the damages to my estate continue to compound. Mandamus is required to compel the Court to rule on Motion 111 and restore the *status quo ante*.

**IV. RELIEF SOUGHT**

I respectfully request that this Circuit Court issue a Writ of Mandamus ordering the following:

1. **COMPEL** Judge Walton to rule on the Motion for Recusal (ECF No. 105) within 3 days.
2. **VACATE** the "Abeyance" portion of Order 101.
3. **DECLARE** that my rejection of the pardon (per *Burdick*) **mandates an immediate adjudication of the underlying conviction's validity.**
4. **ORDER** that if Judge Walton does not recuse, he must rule on the merits of the Rule 60(b)(3) Fraud Motion (ECF No. 95) and the Emergency Spoliation Motion (ECF No. 109) within 7 days, making specific Findings of Fact regarding the "Solis Confession Email" and the misconduct of the Department of Justice.
5. **DIRECT** the District Court when Fraud on the Court is formally acknowledge (outside the docket), the remedy must include the restoration of the Petitioner to the status quo ante, including the restitution of all fines, fees, and asset values lost due to the fraudulent judgment.
    1. **See updated financial snapshot.**

Respectfully Submitted,



Daniel Michael Morrissey, MBA (Pro Se)