UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Criminal No. 21-cr-00660 (RBW) |
| v.            : | |
| : | |
| DANIEL MICHAEL MORRISSEY, : | |
| Defendant.    : | |

**UNITED STATES' POSITION ON WHETHER THE COURT SHOULD RECONSIDER ITS PRIOR FINDING THAT DEFENDANT'S 28 U.S.C. § 2255 MOTION IS MOOT DUE TO PRESIDENTIAL PARDON**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's Order, issued on February 3, 2026, directing the government to state its position as to whether, considering defendant's purported rejection of the Presidential pardon, the Court should reconsider its prior finding that defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 86, is moot due to the issuance of the Presidential pardon. *See* ECF No. 151 (hereinafter "February 2026 Order"). The government believes that the Court should reconsider its prior finding that the motion is moot.[1] A pardon does not negate a judgment of conviction. "One who is pardoned is merely released from the disabilities attendant upon conviction and has his civil rights restored[.]" *United States v. Doe*, 556 F.2d 391, 392 (6th Cir. 1977); *In re North*, 62 F.3d 1434 (D.C. Cir. 1994).[2]

---

[1] We note briefly that while defendant's § 2255 claim is not moot, it is procedurally defaulted, and in any event, the files and records of the case conclusively show that defendant is entitled to no relief. We do not address these issues given the limited scope of the Court's February 2026 Order.

[2] *See also Viles v. United States*, 193 F.2d. 776 (10th Cir. 1952) (denial of § 2255 motion of pardoned movant affirmed where he "alleg[ed] no facts which would give the court below jurisdiction to expunge from the records of that court, the indictment, the verdict of guilt, and the

1

Regardless of whether defendant rejected the Presidential pardon, this Court has jurisdiction to grant the relief sought by defendant in his § 2255 motion—vacatur of his conviction—because defendant filed the motion on November 13, 2024, before he was pardoned and while on probation, and thus, still "in custody."[3] And even if defendant is deemed to have been pardoned as of January 20, 2025, and thus no longer on probation and "in custody," "a habeas petitioner can maintain his habeas action following his release from custody if he can identify 'collateral consequences' constituting 'disabilities or burdens [which] may flow from petitioner's conviction.'" *Lorance v. Commandant*, 13 F.4th 1150, 1153 (10th Cir. 2021) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)). In his "Motion for Return of Restitution, Fines, and Fees," ECF No. 90, defendant sought the return of the $510 special assessment and restitution that he paid to the Clerk of the Court pursuant to the Court's judgment. Although the President's pardon does not entitle defendant to the return of the special assessment and restitution as explained in the government's opposition to that motion, *see* ECF No. 92, vacatur of defendant's conviction—the relief he seeks in his § 2255 motion—would entitle defendant to return of the special assessment

---

order of probation."); *United States v. Denton*, 307 F.2d 336, 339 (6th Cir. 1962) ("a pardon relieves of the consequences of conviction of crime, but does not obliterate the conviction itself."); *Knote v. United States*, 95 U.S. 149 (1877) ("A pardon is an act of grace by which an offender is released from *the consequences of his offence*, so far as such release is practicable and within control of the pardoning power, or of officers under its direction.") (emphasis added); *In re Abrams*, 689 A.2d 6, 11–12 (D.C. 1997) (pardon removes legal punishment for offense but does not remove fact of wrongdoing); *Bjerkan v. United States*, 529 F.2d 125, 128 n. 2 (7th Cir.1975) ("A pardon does not 'blot out guilt' nor does it restore the offender to a state of innocence in the eye of the law as was suggested in Ex Parte Garland.").

[3] Similarly, if defendant is deemed to have rejected the Presidential pardon as he so avers in his pleadings citing *Burdick v. United States*, 236 U.S. 79, 90 (1915) ("A pardon is a deed, to the validity of which delivery is essential, and delivery is not complete without acceptance. It may then be rejected by the person to whom it is tendered; and if it be rejected, we have discovered no power in a court to force it on him."), *see* ECF No. 103, he would still be on probation and thus "in custody" for § 2255 purposes.

and restitution. Thus, defendant's § 2255 petition is not moot. Therefore, the Court should reconsider its prior finding.

## RELEVANT BACKGROUND

The factual and procedural history of the case was previously stated in this Court's various orders, including the Court's February 2026 Order. We recount only the procedural history relevant to the Court's order at issue. On August 16, 2022, based on his guilty plea to violating 40 U.S.C. § 5104(e)(2)(G), the Court sentenced defendant to 45 days incarceration and 36 months of probation. ECF No. 37 (Judgment). The Court also imposed a fine of $2,500, restitution in the amount of $500, and a special assessment of $10. *Id*. at 8. Defendant appealed the Court's judgment, and on February 1, 2024, the Court of Appeals for the District of Columbia Circuit remanded the case solely for resentencing consistent with *United States v. Little*, 78 F.4th 453, 461 (D.C. Cir. 2023). ECF No. 68. On April 10, 2024, the Court resentenced defendant to three years of probation and required him to pay a special assessment of $10 and $500 restitution. ECF No. 77 (Judgment). Defendant did not appeal. On November 13, 2024, the Court docketed defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody." ECF No. 86.

On January 20, 2025, President Donald J. Trump issued an Executive Order that, among other things, "grant[ed] a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." *See* https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. On January 27, 2025, based on the Presidential pardon, the Court vacated the then-pending reentry/probation progress hearing that had been scheduled for

January 30, 2025. ECF No. 88. In addition, on January 30, 2025, the Court denied defendant's § 2255 motion as moot in light of the President's pardon. ECF No. 89. On April 29, 2025, through his then-appellate counsel, defendant filed a "Motion for Return of Restitution, Fines, and Fees." ECF No. 90. On May 9, 2025, the government filed an opposition to that motion. ECF No. 92.

On October 15, 2025, the Court issued an order addressing defendant's additional motions that had been docketed in ECF No. 95, ECF No. 96, and ECF No. 100. In the October 15, 2025, Order, the Court stated that it would address defendant's motion docketed in ECF No. 90 and his requested relief to vacate the Court's judgment in a separate order. *See* ECF No. 101 (October 2025 Order) n.1 & 2. Thereafter, defendant filed "nearly a dozen additional pro se motions," and on February 3, 2026, addressing those motions, the Court issued an order directing the government to state its position on whether the Court should reconsider its prior finding that defendant's § 2255 motion is moot. ECF No. 151. We respectfully answer in the affirmative.

## DISCUSSION

In this case, the Court has jurisdiction to consider defendant's habeas petition. Defendant timely filed his habeas petition while on probation, before the Presidential pardon, which he has purportedly rejected, was issued, and thus was still "in custody" for § 2255 purposes.[4] "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons in custody." *United States v. Ausby*, No. 72-67 (BAH), 2019 WL 2870232, at *4 (D.D.C. July 3, 2019) (cleaned up). Generally, probationers are deemed "in custody under

---

[4] Unless statutory or equitable tolling applies, there is a 1-year period of limitation on motions filed under § 2255 from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Where no appeal is filed, a judgment of conviction becomes final after the time period for filing an appeal, fourteen days, has elapsed. *See United States v. Booker*, 564 F. Supp. 2d 7, 12 (D.D.C. 2008); Fed. R. App. P. 4(b)(1)(A). The judgment of conviction here became final on April 24, 2024. Absent tolling, defendant had to file any habeas petition by April 24, 2025. His motion was filed on November 13, 2024.

4

sentence of a court" within the meaning of § 2255. *Banks v. Gonzales*, 496 F.Supp. 2d 146 (D.D.C. 2007) (collecting cases); *Napoles v. United States*, 536 F.2d 722 (7th Cir. 1976).

Even if defendant is deemed to have been pardoned as of January 20, 2025, and no longer on probation, and thus no longer "in custody," a court can exercise habeas jurisdiction over a petitioner no longer in custody if the petitioner was in custody at the time the petition was filed, and his subsequent release has not rendered the petition moot. *Banks*, 496 F.Supp. 2d at 149; *see also Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) ("when she filed her petition, she was under supervised release, and so section 2255 was available to (and of course invoked by) her, because supervised release is classified as a form of custody"); *cf United States v. Taylor*, No. 21-CR-392-2-RCL, 2025 WL 1207072, at *2 (D.D.C. Apr. 25, 2025) (Lamberth, J.) (finding no jurisdiction to consider a defendant's motion to withdraw guilty plea, construed under § 2255, filed *after* the defendant had been pardoned because the defendant was not in custody as a result of the pardon that he received on January 20, 2025 which extinguished his probationary sentence.).

Although defendant here has since been pardoned, to the extent that he has not rejected it, and is no longer on probation, his habeas claim has not been rendered moot and can be maintained after such release from custody given that he is also seeking return of the $510 special assessment and restitution that he paid pursuant to the judgment of the Court—"'collateral consequences' constituting 'disabilities or burdens [which] may flow from petitioner's conviction.'" *Lorance*, 13 F.4th at 1153 (internal citation omitted). *See, e.g.*, *United States v. Mejia*, No. 20-3086, 2022 WL 4280686, at *1 (D.C. Cir. Sept. 14, 2022) ("[t]he special assessment attributable to the conviction the appellant seeks to challenge precludes a mootness finding" as to appellant's § 2255 motion); *Dhinsa v. Krueger*, 917 F.3d 70, 73 (2d Cir. 2019) (defendant had Article III standing to maintain a habeas petition "based on a redressable injury-in-fact: the $100 special assessment that attaches

to each of his two challenged convictions"); *Prost v. Anderson*, 636 F.3d 578, 582 n.3 (10th Cir. 2011) (finding that release from prison did not render § 2255 petition moot because, if the defendant prevailed, "he may also seek recovery of a special assessment the sentencing court imposed"). Here, while the President's pardon does not entitle defendant to the return of the special assessment and restitution that he paid pursuant to the Court's judgment, vacatur of his conviction—the relief sought in his § 2255 motion—would. Thus, defendant's § 2255 petition is not moot.

## CONCLUSION

For the reasons stated herein, the Court should reconsider its prior finding that defendant's § 2255 motion is moot.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Assistant United States Attorney
Chief, Special Proceedings Division

THOMAS STUTSMAN
Assistant United States Attorney
Deputy Chief, Special Proceedings Division
Minnesota Bar Number 0392603

By:  */s/Michael Toogun*
MICHAEL TOOGUN
Assistant United States Attorney
Special Proceedings Division
Illinois Bar No. 6310341
601 D Street NW
Washington, D.C. 20530
(202) 252-7060
michael.toogun@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that I caused service of the foregoing to be made through the Court's Electronic Case Filing system on March 3, 2026.

                  */s/Michael Toogun*
                  Michael Toogun
                  Assistant United States Attorney