**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,** Plaintiff,

v.

**DANIEL MICHAEL MORRISSEY,** Defendant.

**Case No.: 1:21-cr-00660-RBW Honorable Judge Reggie B. Walton**

**DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING TO RESOLVE DOCUMENTED STRUCTURAL FRAUD, BRADY VIOLATIONS, AND NOTICE OF INTENT TO SUBPOENA WITNESSES PURSUANT TO FED. R. CRIM. P. 17**

## I. INTRODUCTION

COMES NOW the Defendant, Daniel Michael Morrissey, proceeding *pro se*, to respectfully move this Court to schedule an immediate evidentiary hearing.

This Court currently holds Defendant's core claims of structural fraud and constitutional violations "in abeyance" (ECF No. 101). However, because Defendant formally rejected the Presidential Pardon on June 9, 2025, relying on *Burdick v. United States*, 236 U.S. 79 (1915), the Government has conceded that a live Article III controversy remains (ECF No. 165).

Defendant has presented colorable, documented claims of constitutional violations, specifically *Franks* violations, *Brady* suppression, and Ineffective Assistance of Counsel (IAC), Solis and Axam, in addition to Contempt of Court (Axam's refusal to raise IAC in ECF No. 67 as directed by the Court) that rely entirely on extra-record evidence.

Because this evidence (internal emails, withheld surveillance footage, and written admissions of appellate obstruction) cannot be resolved on the face of the existing plea record, an evidentiary hearing is legally mandatory to establish the facts and pierce the structural fraud upon this Court.

## II. FACTUAL BASIS FOR AN EVIDENTIARY HEARING

An evidentiary hearing is required to resolve three distinct pillars **of structural fraud** that manufactured the Court's jurisdiction and coerced the subsequent plea.

**A. The Predicate Franks Violation & Extra-Judicial Punishment** The Court's jurisdiction is void *ab initio* due to deliberate perjury by omission designed to conceal pre-warrant extra-judicial punishment.

1. On February 26, 2021, eight months prior to any charges, Special Agent Laura Troolines drafted FBI Electronic Communication FD-1057, designating Defendant under "ANTI-RIOT LAWS TIER I".

2. Simultaneous to this designation, the Government illegally interfered with Defendant's California Employment Development Department (EDD) benefits, stripping Defendant of $5,367.00 in accrued benefits to engineer indigence, violating *Goldberg v. Kelly*, 397 U.S. 254 (1970), and placed Defendant on a de facto "No-Fly" list (SSSS designation).

3. To retroactively justify these illegal sanctions, Agent Troolines committed a *Franks* violation **in her sworn Affidavit (ECF 1-1)**. She swore that "individuals in the crowd forced entry into the U.S. Capitol," intentionally suppressing her knowledge of the exculpatory CCTV video demonstrating that the Capitol Police disengaged the magnetic locks on the Columbus Doors and that Defendant entered through an unlocked door out of necessity.

**B. The Brady Conspiracy and Prosecutorial Perjury** The prosecution and trial counsel **engaged in a coordinated suppression of exculpatory evidence**, violating *Brady v. Maryland*, 373 U.S. 83 (1963), and the Due Process Protections Act (DPPA).

1. AUSA Christopher Tortorice and Defense Counsel Anthony Solis deliberately withheld CCTV footage depicting Defendant's entry at 2:27 PM. The D.C. Bar Office of Disciplinary Counsel (Dec 21, 2023) confirmed this video "shows that you entered the Capitol through an unlocked door and supports your defense that you did so out of necessity."- Becky Neqal

2. The record reflects that AUSA **Tortorice committed perjury** before this Court during the July 14, 2022, status hearing to conceal the withheld footage.

3. The plea agreement was an illegal quid pro quo. On March 29, 2022, AUSA Tortorice emailed, "Attached is Mr. Morrissey's plea paperwork. Please let me know when he's removed [from the watch list]..." Two days later, FBI Agent Heang Ly confirmed Defendant's removal, proving the plea was extracted in direct exchange for the restoration of illegally stripped liberties.

**C. Appellate Obstruction and Defiance of ECF 67** The adversarial process was structurally obstructed by appointed appellate counsel, Tony L. Axam Jr., rendering standard appellate review impossible and rigged.

1. On November 29, 2023, Tony Axam Jr. admitted in writing that the suppressed video proved Defendant "was forced through the open door... by necessity" and therefore lacked criminal intent.

2. Despite this written admission, Axam operated in criminal contempt of this Court's explicit mandate (ECF No. 67) to raise the Ineffective Assistance of Counsel claim. **Axam utilized the threat of filing an *Anders* brief** to coerce Defendant into abandoning the Court-ordered claim, willfully shielding the underlying *Brady* and *Franks* violations from the D.C. Circuit Court of Appeals.

### III. NOTICE OF INTENT TO SUBPOENA WITNESSES (FED. R. CRIM. P. 17)

To resolve the extra-record factual disputes outlined above, Defendant provides formal notice that upon the granting of this hearing, Defendant will petition the Clerk of the Court to issue subpoenas pursuant to Fed. R. Crim. P. 17 to compel the sworn, live testimony of the following individuals:

1. **Special Agent Laura Troolines:** To testify regarding her sworn Statement of Facts, the timeline of her review of the Columbus Door CCTV footage, and the authorization of the "Tier I" designation and resulting financial seizures.
2. **AUSA Christopher T. Tortorice:** To answer for statements made on the record during the July 14, 2022, status hearing and to authenticate communications regarding the *Brady* suppression and the March 2022 quid pro quo plea coercion.
3. **Anthony M. Solis:** To testify regarding his failure to present the exculpatory video provided to him on February 13, 2022, resolving the claims of Ineffective Assistance of Counsel. (Attorney-client privilege regarding these specific events is waived by this filing).
4. **Tony L. Axam Jr.:** To authenticate his November 29, 2023, email and testify as to his refusal to execute the Court's mandate in ECF No. 67.

### V. MOTION FOR REMOTE APPEARANCE VIA VIDEO TELECONFERENCE
**(ZOOM)** Defendant respectfully moves this Court for an Order permitting Defendant to appear at the requested Evidentiary Hearing remotely via Zoom or the Court's designated Video Teleconference (VTC) system.

Defendant is currently proceeding *In Forma Pauperis* (IFP) and resides out-of-state. The extreme financial devastation engineered by the Government's extra-judicial sanctions, which form the very basis of this motion has rendered Defendant completely indigent.

Defendant lacks the financial resources to travel to Washington, D.C. Denying a remote appearance would functionally deny Defendant access to the Court and strip Defendant of the ability to present this evidence of structural fraud, thereby violating Defendant's rights to Due Process.

**IV. PRAYER FOR RELIEF**

The Constitution does not permit the Government to manufacture jurisdiction through perjury, suppress exculpatory evidence, and then rely on procedural abeyance to avoid judicial scrutiny.

WHEREFORE, Defendant respectfully demands that this Court:

1. Schedule an immediate Evidentiary Hearing to allow Defendant to examine the named witnesses under oath regarding the documented structural fraud upon this Court.
2. **In the Alternative:** If this Court declines to hold an evidentiary hearing to resolve these documented, extra-record claims of constitutional violations, Defendant respectfully requests a formal, final Order of Denial on the merits of the pending motions (ECF 95/96) so that the matter may be immediately advanced to the D.C. Circuit Court of Appeals for review.
3. GRANT Defendant's request to appear at the Evidentiary Hearing remotely via Video Teleconference (ZOOMN) due to IFP status and severe financial hardship.

Respectfully Submitted,


Daniel Michael Morrissey, MBA