**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**DANIEL MICHAEL MORRISSEY,**

Defendant.

**Case No.: 1:21-cr-00660-RBW**

**DEFENDANT'S SUPPLEMENTAL NOTICE OF AUTHORITY: VIOLATION OF FED. R. CRIM. P. 11(b)(3), PRESERVATION OF IAC CLAIM, SPECIFIC DEMAND FOR RULE 17(c) SUBPOENAS, AND DEMAND TO VACATE VOID JUDGMENT**

## I. INTRODUCTION

COMES NOW the Defendant, Daniel Michael Morrissey, proceeding *pro se*, to file this Notice of Supplemental Authority in support of Defendant's pending Motion for an Evidentiary Hearing and Motion to Vacate under 28 U.S.C. § 2255.

This notice formally alerts the Court that the underlying judgment in this case is void due to a structural violation of Federal Rule of Criminal Procedure 11(b)(3). The Court must determines that there is an actual, objective factual basis before entering judgment. Because the objective facts negate the requisite *mens rea*, a reality that has been validated by the D.C. Bar Office of Disciplinary Counsel (since December of 2023) and concealed via prosecutorial contradictions and appellate coercion. The judgment must be vacated.

## II. VIOLATION OF FED. R. CRIM. P. 11(b)(3) AND NEUTRAL VALIDATION OF NECESSITY

Under Fed. R. Crim. P. 11(b)(3), the Court is **mandated to determine a factual basis for a plea**. In this matter, the Court was presented with a **fabricated narrative** engineered by the suppression of exculpatory evidence.

1. **Failure of the Initial Affidavit:** The *Statement of Facts* drafted by Special Agent Laura Troolines **completely failed to establish the specific intent** (*mens rea*) required to violate 18 U.S.C. § 1752(a)(1) and (2) or 40 U.S.C. § 5104(e)(2)(D) and (G).
2. **Neutral, Third-Party Validation of Negated Intent:** The suppression of the Columbus Door CCTV footage **hid the objective reality of the event**. On December 21, 2023, the D.C. Bar Office of Disciplinary Counsel issued an independent, neutral finding regarding

this withheld video. Senior Assistant Disciplinary Counsel Becky Neal **explicitly confirmed that the video shows Defendant "entered the Capitol through an unlocked door" and that this objective evidence "supports your defense that you did so out of necessity"**. A valid defense of private necessity (See letter to cour April 2023, my private necessity claim) **legally destroys the specific criminal intent (*mens rea*) required to sustain the conviction.**

3. **Appellate Coercion to Suppress the Factual Defect:** The Court remained unaware of this structural defect because Defendant's appellate counsel, Tony Axam, engaged in active coercion to protect the void judgment.

   When Defendant attempted to raise this exact issue on direct appeal, Axam threatened to withdraw and file a brief under *Anders v. California*, 386 U.S. 738 (1967). Axam's subjective, conflicted refusal to present the necessity defense stands in direct contradiction to the objective findings of the D.C. Bar Disciplinary Counsel.

The government cannot relied upon a plea agreement as a waiver when the factual basis required by Rule 11(b)(3) was actively negated by evidence hidden from both the Defendant and the Court.

### III. PROOF OF PRESERVATION (DOCKET ENTRY 67)

The Government cannot claim that Defendant's Ineffective Assistance of Counsel (IAC) claims regarding Anthony Solis are procedurally defaulted or newly invented.

On July 11, 2023, this Court issued an Order (ECF No. 67) **explicitly acknowledging that Defendant had submitted multiple filings concerning "a claim of ineffective assistance by his former counsel, Anthony Solis"**. The Court correctly ruled that because the Defendant had filed a notice of appeal with the D.C. Circuit , the District Court was "divested of jurisdiction over his case".

This Court's own docket proves that Defendant preserved this exact challenge at the earliest possible juncture. The Court previously acknowledged its inability to act on the IAC claim due to the pending appeal; Defendant is now formally bringing the preserved claim before the Court for mandatory adjudication under 28 U.S.C. § 2255(b).

### IV. PROSECUTORIAL CONTRADICTIONS AND SPECIFIC DEMAND FOR RULE 17(c) SUBPOENAS

To further establish the deliberate nature of the *Brady* violation that corrupted the Rule 11(b)(3) factual basis, Defendant points to a <span style="color:red">**glaring contradiction in the written communications of AUSA Christopher Tortorice.**</span>

In an email dated November 1, 2022, AUSA Tortorice claimed that FBI agents "could not locate you entering the building... or it is also possible they simply missed you". However, **in the very next paragraph**, AUSA Tortorice admitted, "there is no factual dispute that: a) you entered the building; b) through a door that was unlocked when you entered".

**It is a logical impossibility for the Government to claim the video of the entry was "missing" while simultaneously confirming exact, non-public details about the state of the door at the precise moment of entry.**

Pursuant to Fed. R. Crim. P. 17(c), and to pierce this contradiction, Defendant petitions the Court to issue subpoenas for the following specific, highly relevant, and non-cumulative documentary evidence prior to the Evidentiary Hearing:

1. **The FBI/Tortorice Communications:** Any and all emails, FD-302s, or internal communications between AUSA Christopher Tortorice and FBI agents (including SA Laura Troolines) regarding the search for, review of, or purported inability to locate the Columbus Door CCTV footage, as directly referenced in AUSA Tortorice's November 1, 2022 email.
2. **The Collusion Window (Tortorice/Solis):** Any and all communications between AUSA Christopher Tortorice and Defense Attorney Anthony Solis sent or received between **January 6th, 2022, and March 31st, 2022**, referencing the Columbus Door CCTV footage, discovery production, or the quid pro quo negotiation of the plea agreement.
3. **The "Tier I" Pre-Warrant Sanctions (Troolines):** Any internal FBI emails or FD-1057 Electronic Communications drafted or received by Special Agent Laura Troolines between **January 6, 2021, and February 26, 2021**, regarding the authorization of the "ANTI-RIOT LAWS TIER I" designation.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully demands that this Court:

1. Recognize the structural violation of Fed. R. Crim. P. 11(b)(3), **as validated by the independent findings of the D.C. Bar Disciplinary Counsel, and declare the underlying judgment void.**
2. Acknowledge via ECF 67 that Defendant's claims of Ineffective Assistance of Counsel have been wholly preserved.
3. Issue the specific Rule 17(c) subpoenas detailed in Section IV to compel the production of the withheld communications.
4. Advance this matter immediately to an Evidentiary Hearing, or issue a final Order of Denial **on the merits** so this Court's failure to ensure a valid factual basis may be appealed to the D.C. Circuit.

Respectfully Submitted,

Daniel Michael Morrissey, MBA